507 A.2d 854

**Deanna BRUCH, Appellant,**

**v.**

**William CLARK and Fred Yeager.**

Superior Court of Pennsylvania.

Argued Feb. 12, 1986.

Filed April 10, 1986.

226

Malcolm H. Waldron, Jr., Philadelphia, for appellant.

C.Y. Lamb, Cheltenham, for appellees.

Before MONTEMURO, HOFFMAN and CERCONE, JJ.

CERCONE, Judge:

Appellant brings this appeal from the order of the trial court *en banc* reversing the judgment in favor of plaintiff-appellant and granting defendants-appellee's Motion for Judgment N.O.V. The sole issue raised on appeal is whether the trial court erred in finding that the appellant failed to state a cause of action for malicious prosecution. We find that it did not err and affirm the judgment of the lower court.

Appellant, Deanna Bruch, was employed by the Department of Public Welfare, Bucks County Board of Assistance, Bristol Office. In October 1976, while still employed full-time, she applied for and began receiving welfare benefits for her two children. That same month she began training for a position as, and soon became, an income maintenance worker. Her responsibilities as an income maintenance worker included computing client eligibility for receiving welfare benefits. She continued to receive welfare checks during this time. Her application for welfare had been approved by Mr. Ernest Maleski an Intake Supervisor at the Bucks County office, who was later investigated for welfare fraud.

Defendant-appellees Bill Clark and Fred Yeager, special investigators for the Department of Public Welfare, were assigned to investigate welfare fraud within the Bristol Office. Continuing an investigation begun by another investigative team, they found numerous irregularities relative to appellant's receipt of welfare benefits. The investigation of appellant was prompted by a finding of her file on Mr. Maleski's desk. In addition to the inaccuracies found therein, her file had not received the customary six month review, nor had appellant reported her pay increases to the

Department, although she had knowledge that she was required to do so.

When appellant first met with the appellees she had already been suspended from her position as the result of previous investigative findings. During this meeting appellant alleged that the appellees promised to help her gain reinstatement in return for her supplying evidence incriminating Mr. Maleski. Appellant responded that she had no information to offer.

Upon completion of the investigation, the appellees turned the results over to the Bucks County District Attorney's Office.

Shortly thereafter, appellant was arrested and charges were brought against her for welfare fraud, theft by deception and receiving stolen property. Ultimately these charges were dropped by the District Attorney. Appellant was subsequently reinstated with back pay.

Appellant commenced a malicious prosecution action against Clark and Yeager. At the close of the trial, the trial judge submitted the issue to the jury of whether probable cause existed for Clark and Yeager to believe appellant was guilty of a crime. The jury returned a verdict for the appellant in the amount of Ten Thousand Dollars. Thereafter, the appellees filed timely post-trial motions for a New Trial and/or Judgment N.O.V. The lower court *en banc* found uncontradicted evidence establishing probable cause sufficient to initiate the prosecution of appellant, and that the issue of probable cause had been erroneously submitted to the jury. It, therefore, entered a Judgment N.O.V. in favor of the appellees. It is on this basis appellant appealed.

■ It is undisputed that, in an action for malicious prosecution, the plaintiff must prove that: (a) the defendant initiated the criminal proceedings against him without probable cause and primarily for a purpose unrelated to bringing an offender to justice, and (b) the proceedings terminated in plaintiff's favor. *Shelton v. Evans*, 292 Pa.Super.

228, 232, 437 A.2d 18, 20, (1981); *see also* Restatement (Second) Torts § 653; *Neczypor v. Jacobs*, 403 Pa. 303, 308–09, 169 A.2d 528, 531 (1961) (relying on Restatement (Second) Torts § 672).

 As explained by the late Justice Musmanno:

By probable cause is not meant an actual state of guilt. One is justified in launching a criminal prosecution if the facts convince him, as a reasonable, honest and intelligent human being, that the suspected person is guilty of a criminal offense. The arresting person may be in error, but if his error is an honest one, not motivated by personal malice, bias or revenge, the law will hold him harmless, regardless of the eventual result of the criminal prosecution.

*Neczypor, supra,* 403 Pa. at 303, 308, 169 A.2d at 531 (1961). Further, as was pointed out in *Neczypor*, a plaintiff fails to establish a *prima facie* case merely by showing she was arrested on a criminal charge and that it was terminated in her favor. She must also show the defendants lacked probable cause of initiating these proceedings and that her prosecution was motivated by malice. *Id.*, 403 Pa. at 308–309, 169 A.2d at 531, relying on Restatement (Second) Torts § 672. However, if probable cause is found to exist, the prosecutor's motive, malicious or otherwise, is immaterial. *De Salle v. Penn Central Transportation Co.*, 263 Pa.Super. 485, 490, 398 A.2d 680, 683, (1979) *citing Simpson v. Montgomery Ward & Co.*, 354 Pa. 87, 46 A.2d 674 (1946). Where the evidence is undisputed or only slight differences exist in collateral matters, the issue of probable cause is a matter for the court and not the jury. The policy reasons for this rule have been explained by our Supreme Court:

It has been immemorially held that the public interest requires that the legally trained mind of the judge and not the more or less emotional minds of jurors, decide whether or not there was probable cause of the initiation of the prosecution. Jurors are likely to confuse the issue

of the guilt or innocence of the defendant in the criminal case out of which the civil action originated with the basic issue whose determination decides the civil action. That basic issue is the want of probable cause for the criminal prosecution.

*Simpson, supra,* 354 Pa. at 96, 46 A.2d at 678. *cited with approval* in *De Salle, supra,* 263 Pa.Super. at 491, 398 A.2d at 683.

In reviewing the facts of this case, the trial court *en banc* properly found the defendants' testimony establishing probable cause uncontradicted. The criterion for probable cause "is not equivalent to the 'proof beyond a reasonable doubt' standard applied in a criminal trial" *De Salle, supra,* 263 Pa.Superior Ct. at 492, 398 A.2d at 684 (citation omitted). Rather, it is a test of whether the facts and circumstances convince the defendant "as a reasonable, honest and intelligent human being, that the suspected person is guilty of a criminal offense." *Neczypor, supra,* 403 Pa. at 308, 169 A.2d at 530. *See also De Salle, supra.* Here, the appellant produced no affirmative evidence to dispute probable cause. Although she did produce conflicting evidence concerning whether the appellees made certain promises to her in an attempt to induce her cooperation in the Maleski investigation, these facts relate to the issue of malice and not probable cause. Where probable cause is found to exist, however, the defendant's motive is not material. *De Salle, supra,* 263 Pa.Super. at 490, 398 A.2d at 683.

Therefore, we find the trial court *en banc* correctly found the evidence sufficient to establish probable cause to justify the initiation of appellant's prosecution. The trial judge erred in failing to decide the issue of probable cause as a matter of law and in not directing a verdict for the defendants. As such, the lower court *en banc* properly entered Judgment N.O.V. in favor of the appellees, and judgment as entered is affirmed.