611 A.2d 755

**Bruno MAMONE**

v.

**BELTONE HEARING AID SERVICES, INC.,**
**d/b/a L.S.F. Corporation; and William**
**E. King, Individually, Appellants.**

Superior Court of Pennsylvania.

Argued April 23, 1992.

Filed June 26, 1992.

Reargument Denied Sept. 3, 1992.

556

Robert A. Felkay, Pittsburgh, for appellants.

Ernest Butya, Pittsburgh, for appellee.

Before TAMILIA, HUDOCK and HESTER, JJ.

TAMILIA, Judge.

Beltone Hearing Aid Service, Inc. (hereinafter Beltone) and William F. King appeal the judgment entered against them on September 20, 1991 in the amount of $1,650.

Appellee initially contacted Beltone to inquire about purchasing hearing aids. Beltone sent a representative to meet with appellee and test him for hearing aids. The representative obtained test results of an audiogram performed in the preceding months by appellee's ear, nose and throat specialist, and ultimately determined appellee would benefit from two hearing aids. As part of the sales agreement,

which contained a "no refund" clause, appellee signed a medical waiver form and subsequently was fitted with the hearing aids. After three months, appellee, who was dissatisfied with the product because of the lack of improvement in his hearing, informed Beltone he wanted a refund and eventually filed suit seeking the return of the purchase price on the grounds of noncompliance with the Hearing Aid Sales Registration Law.[1] Following a nonjury trial, the court found appellants did not comply with the dictates of Act 262 and accordingly returned a verdict against appellants. Specifically, the court found appellants did not comply with section 6700–403, which provides as follows:

### § 6700–403. Medical examination

No hearing aid is to be sold to any individual unless, within the preceding six months, the individual has been examined by an otologist or otolaryngologist or any licensed physician, *and a written recommendation has been made by such physician that the use of a hearing aid may be beneficial to the physician's patient.*

*This section does not apply to ... any individual who signs a written waiver as set forth in this section.* The waiver form must be in at least ten-point type. The waiver must be read and explained in such a manner that the purchaser will be thoroughly aware of the consequences of signing the waiver. *The waiver form shall read as follows:*

"I have been advised that my best interests would be served if I had a medical examination by an otologist or otolaryngologist or any licensed physician before my purchase of a hearing aid.

_____  has  fully  and
(Registrant's Name)
clearly informed me of the value of such medical examination. After such explanation, I voluntarily sign this

1. Hearing Aid Sales Registration Law, 1976, Nov. 24, P.L. 1182, No. 262; 35 P.S. §§ 6700–101 *et seq.*

waiver. I choose not to seek a medical examination before the purchase of the hearing aid."

35 P.S. § 6700–403 (emphasis added).

Appellants argue the court erred in voiding the purchase agreement because appellants complied with the requirements of the Hearing Aid Sales Registration Act by obtaining the test results from an audiogram performed by appellee's doctor, which in effect constituted a written recommendation that a hearing aid would benefit appellee.

The standard of review from a final judgment by a trial court sitting without a jury is well defined.

> Our appellate role is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as the verdict of a jury, and the findings will not be disturbed on appeal unless predicated upon errors of law or unsupported by competent evidence in the record. Furthermore, the verdict winner is entitled to have the evidence considered in a light most favorable to himself.

*Porter v. Kalos,* 409 Pa.Super. 159, 164, 597 A.2d 709, 711–12 (1991), quoting *Piccinini v. Teachers Protective Mutual Life,* 316 Pa.Super. 519, 524–25, 463 A.2d 1017, 1021 (1983).

█ Although appellee was examined by a physician and the test results from an audiogram were submitted within the proper time frame, we find the results did not amount to a written recommendation within the meaning of section 403. In fact, one of Beltone's employees conceded that appellants received no written recommendation. Appellants contend appellee's doctor customarily would only send an audiogram to the hearing aid fitter if he believed his patient would benefit by the use of a hearing aid. Appellants further argue the law does not set forth any particular form for the recommendation. We disagree. The law unambiguously states that a *written* recommendation is required, and the information contained in the audiogram, which consisted only of numbers and x's, did not fulfill this

requirement. Therefore, although appellants' intentions may have been to comply with the law, they did not receive a written recommendation.

In the alternative, appellants argue a written recommendation was not needed because appellee signed the following medical waiver, which met the requirements of section 403, *supra*:

I have been advised by BELTONE that the food and drug administration has determined that my best interest would be served if has [sic] a medical evaluation by a licensed physician (preferably a physician who specializes in diseases of the ear) before purchasing a hearing aid. I do not wish a medical evaluation before purchasing a hearing aid.

I am 18 years or older.

/S/ Bruno Mamone

Appellants contend the word "shall," in the portion of section 403 which states "[t]he waiver form shall read as follows," denotes a permissive interpretation. We agree with the trial court's finding "[t]he use of the statutory language is not permissive but mandatory." (Slip Op., Zeleznik, J., 11/14/91, p. 4.)

Section 1921 of the Statutory Construction Act provides as follows:

### § 1921. Legislative intent controls

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921(a) and (b). "[T]he question of whether a statute will be deemed mandatory or discretionary has been decided with reference to the perceived intent of the legislature with respect to the use of the terms "shall" and "may" in the particular statute at issue." *Commonwealth v.*

*Ferguson,* 381 Pa.Super. 23, 32, 552 A.2d 1075, 1079 (1988). Generally, though, the term "shall" is construed as creating a mandatory duty, and only rarely in matters of time or form is the term construed as creating only a discretionary duty. *Id.* It is clear the intent of the Legislature in enacting this law was to safeguard the rights of users and buyers of hearing aids. One way of accomplishing this goal is by having the sellers adhere strictly to the mandatory directives of the statute. Thus, the waiver appellee signed was not legally binding and appellants, therefore, did not comply with the Hearing Aid Sales Registration Law. We further note it is also questionable whether appellants gave appellee a satisfactory explanation concerning the contents of the waiver form which he signed.

Finally, appellants argue the court erred in finding against William E. King individually when appellee's counsel stipulated on the record he was not pursuing King individually. We agree with the trial court that since appellants did not argue this issue in its brief in support of post-trial motions, the issue has been waived on appeal. *Cucchi v. Rollins Protective Services Co.,* 377 Pa.Super. 9, 546 A.2d 1131 (1988), rev'd on other grounds, 524 Pa. 514, 574 A.2d 565 (1990).

Judgment affirmed.[2]

---

2. Appellee argues he is entitled to judgment for treble damages in conjunction with section 608, which states:
   § 6700-608. **Recovery of treble damages and attorney fee**
   Any buyer injured by a violation of this act may bring an action for the recovery of damages. Judgment may be entered for three times the amount at which the actual damages are assessed, plus reasonable attorney fees.
   35 P.S. § 6700-608. We agree with the trial court's decision not to award treble damages here since, even though they failed, it appears appellants did make a good faith effort to comply with the requirements of the law.