620 A.2d 1222

**Robert AMICONE, Appellant,**

v.

**Judith SHOAF, Donald Affinito and Denny's, Inc.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1992.

Filed Feb. 26, 1993.

Joanne Amicone, Ligonier, for appellant.

John A. Robb, Jr., Pittsburgh, for appellees.

Before ROWLEY, President Judge, and DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

Sausage and eggs!
Sausage and eggs!
$2.02 he refused to pay
So now in court it's for us to say.
Sausage and eggs!
It wasn't the price
The parties contend
It's the principle, they pretend.
Sausage and eggs!  $2.02 involved
A sum so easily resolved
But no give or take here
They insist on a legal atmosphere.
Oh, in Uncle Sam's land
Any person in court may protest
But, dear Lord, the Judge says
From this test, please give me rest.

This case belongs in the "believe it or not" category. In better hands, the literature that could be inspired by the facts of this case would qualify this matter for admission into *"cause celebre"* status. Unfortunately, not being ready for such an exertion, we shall proceed to "link" the facts and law in a more mundane fashion.

In this case, appellant challenges the order of the trial court which denied his motions for post-trial relief and for removal of the compulsory nonsuit entered against him. For the reasons set forth below, we affirm.

This case arises from a dispute over the value of sausage at a Denny's Restaurant. On October 6, 1988, appellant and a companion ordered breakfast at Denny's Restaurant located in Irwin. Dissatisfied with the state of the sausage, both customers returned their portions to the kitchen. Assistant Manager Judith Shoaf, the appellee herein, offered to deduct a total of one dollar and twenty cents ($1.20) from their bill for the unsatisfactory sausage. Appellant, referring to the *a la carte* price of sausage on the menu, disputed this amount insisting that three dollars and twenty cents ($3.20) be deducted from the bill. Tendering four dollars ($4.00) as payment for the two breakfasts, appellant left his name, address and phone number with the restaurant and departed.

Shoaf subsequently contacted the Irwin Borough Police Department who sent Officer William Holman to investigate the matter. In the course of his investigation, Officer Holman contacted appellant and asked him to pay the two dollars and two cents ($2.02) allegedly due and owing on his bill. When appellant refused, he was charged with theft of services, a summary offense which the District Justice dismissed. Appellant then filed a civil action for malicious prosecution. At the close of appellant's case, the trial court granted appellees' motion for nonsuit. Appellant timely filed motions for post-trial relief and to remove the nonsuit, which the trial court denied. This timely appeal followed.

Appellant raises the following issues for our review:

[1.] Did the [lower] Court err in finding that the Defendants had probable cause to instruct, instigate, encourage and continue the criminal prosecution of the Plaintiff?

[2.] Did the [lower] Court err in finding that the Defendants had probable cause to instigate the criminal prosecution of the Plaintiff based on a presumption in the criminal statute, which presumption is unconstitutional?

[3.] Did the [lower] Court err in admitting evidence of Plaintiff's prior conduct at the Defendant's restaurant?

[4.] Did the [lower] Court err in refusing to admit evidence of gratuitous food and beverages provided by the Defendants to local police officers prior to the commencement of the trial on a Motion in Limine?

We will address these issues in order.

Appellant first argues that the evidence was sufficient to show that appellees instigated, aided and continued the criminal prosecution of appellant without probable cause. The trial court's finding in this regard was two-fold. First, the trial court found that the criminal charge of theft was filed against appellant by Officer Holman, not by appellees. Second, the trial court concluded that appellant failed to establish that the charge was brought against him without probable cause. Even assuming, *arguendo*, that appellees had instigated, aided and continued the prosecution of appellant, we agree with the trial court that appellant failed to establish an essential element of malicious prosecution, *i.e.*, the absence of probable cause.

In order to prevail on a claim of malicious prosecution, the plaintiff must show that the defendant initiated or procured the institution of criminal proceedings against plaintiff (1) without probable cause; (2) with malice; and (3) the proceedings must have terminated in favor of the plaintiff. *Kelley v. General Teamsters, Chauffeurs, and Helpers, Local 249*, 518 Pa. 517, 520–21, 544 A.2d 940, 941 (1988); *Shelton v. Evans*, 292 Pa.Super. 228, 232, 437 A.2d 18, 20 (1981). In the instant case, it is undisputed that appellant was acquitted of the underlying criminal charge thereby establishing the third element. Moreover, the second element, malice, may be in-

ferred by the absence of probable cause. *Kelley v. General Teamsters*, 518 Pa. at 521, 544 A.2d at 941. Therefore, appellant must establish that appellees initiated or procured the institution of criminal proceedings against him without probable cause in order to sustain his claim of malicious prosecution.

Our Supreme Court has defined probable cause as "a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense." *Miller v. Pennsylvania R.R. Co.*, 371 Pa. 308, 310, 89 A.2d 809, 811–12 (1952). *Accord Kelley v. General Teamsters*, 518 Pa. at 523, 544 A.2d 940, 942 (1988). The existence of probable cause is usually a question of law for the court to decide, but the issue may be submitted to the jury when the facts material to the issue of probable cause are in controversy. *Kelley v. General Teamsters*, 518 Pa. at 523, 544 A.2d at 941. Where probable cause is found to exist, the defendant's motive is not material. *Bruch v. Clark*, 352 Pa.Super. 225, 230, 507 A.2d 854, 856 (1986); *De Salle v. Penn Central Transportation Corp.*, 263 Pa.Super. 485, 490, 398 A.2d 680, 683 (1979).

In the underlying criminal case, appellant was charged with the crime of theft of services. The Crimes Code defines the crime of theft of services as follows:

(a) Acquisition of Services.—

* * * * * *

(4) Where compensation of service is ordinarily paid immediately upon the rendering of such service, as in the case of hotels and restaurants, refusal to pay or absconding without payment or offer to pay gives rise to a presumption that the service was obtained by deception as to intention to pay.

18 Pa.C.S.A. § 3926(a)(4). After reviewing the record, we are convinced that the trial court correctly found the evidence sufficient to establish probable cause thereby justifying appellees' initiation of criminal proceedings against appellant.

The following evidence was not disputed at trial. Appellant and his companion returned uneaten sausage to the kitchen at Denny's Restaurant. N.T. 6/3–4/91 at 130. When asked, appellant and his companion refused the waitress' offer to reheat the sausage or provide a replacement. *Id.* When the bill arrived, appellant and the waitress, and later appellant and the assistant manager disputed the amount charged for two breakfasts, minus the sausage. *Id.* at 130–32. The assistant manager informed appellant that the cost of the two breakfasts, minus the sausage, totaled six dollars and two cents ($6.02). *Id.* at 137. Appellant argued that the total cost should be three dollars and ninety one cents ($3.91). *Id.* Appellant tendered only four dollars ($4.00) and requested a receipt and change. *Id.* When the waitress refused the four dollars as payment in full, appellant left the four dollars on the counter along with his name and address and departed. *Id.* at 138–39.

The above facts, taken together, are more than sufficient to establish that appellant refused to pay the amount listed on the bill for the two breakfasts giving rise to the presumption that the service was obtained by deception as to intention to pay. As the prior criminal prosecution was based upon probable cause, the malicious prosecution action brought by appellant was defeated due to the absence of an essential element.

■ Next, appellant argues that the trial court improperly found that appellees had probable cause to initiate his criminal prosecution "based on a presumption in the criminal statute, which presumption is unconstitutional." Apparently, appellant challenges the constitutionality of 18 Pa.C.S.A. § 3926(a)(4). However, this issue was not raised in appellant's post-trial motions nor was it addressed by the trial court. It is well-settled that issues may not be raised for the first time on appeal. Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A. Accordingly, this issue is waived.[1]

1. Moreover, after reviewing the certified record, it is apparent that appellant failed to notify the Attorney General of his challenge to the constitutionality of 18 Pa.C.S.A. § 3926(a)(4) pursuant to Pa.R.A.P., Rule 521(a), 42 Pa.C.S.A. Accordingly, the issue is waived.

■ Next, appellant contends that the trial court improperly admitted evidence of his prior conduct at Denny's Restaurant. Specifically, appellant contends that (1) evidence of other acts, even of a similar nature are not competent to prove the commission of a particular act; and (2) that character evidence is not admissible in a civil case unless it is a material issue in the case. We note that although appellant raised this issue in his post-trial motions, he did not argue it in his brief supporting his post-trial motions, nor did the trial court address this issue in its opinion. Therefore, the issue is waived on appeal. *Mamone v. Beltone Hearing Aid Services, Inc.*, 416 Pa.Super. 555, 559, 611 A.2d 755, 757 (1992); *Cucchi v. Rollins Protective Services Co.*, 377 Pa.Super. 9, 19, 546 A.2d 1131, 1136 (1988), *rev'd on other grounds*, 524 Pa. 514, 574 A.2d 565 (1990).

Finally, appellant argues that the trial court improperly granted appellees' Motion in Limine and excluded evidence of gratuitous food and beverages provided by appellees to local police officers prior to trial. Once again, our review of the record discloses that appellant raised this issue in his post-trial motions, but failed to brief or argue it before the trial court. Additionally, the trial court did not address this issue in its opinion dated March 30, 1992. Accordingly, the issue is waived. *Mamone v. Beltone Hearing Aid Services, Inc.*, *supra; Cucchi v. Rollins Protective Services Co.*, *supra.* Preserve us from more of this!

Order affirmed.

DEL SOLE, J. files a concurring statement.

DEL SOLE, Judge, concurring.

I concur in the result reached by the Majority. I believe the discussion of probable cause is unnecessary. The charges were filed by the Irwin police after their independent investigation, not by appellees. This alone is sufficient to warrant the non-suit.