637 A.2d 1353

Fred J. JAINDL, t/d/b/a Green Acres Home Park

v.

Tamilee MOHR, Appellant. (Two Cases)

Tamilee Mohr HAAF, Appellant,

v.

Margaret WEHINGER. (Two Cases)

Tamilee Mohr HAAF, Appellant,

v.

Mark JAINDL. (Two Cases)

Superior Court of Pennsylvania.

Argued Jan. 11, 1994.

Filed Feb. 24, 1994.

Richard J. Makoul, Allentown, for appellant.

Robert F. Fortin, Allentown, for appellee.

Before CIRILLO, BECK and HOFFMAN, JJ.

CIRILLO, Judge:

Tamilee Mohr Haaf appeals from two orders entered in the Court of Common Pleas of Lehigh County denying Haaf's motion to amend her complaints and counterclaim, and granting summary judgment in favor of appellees. We affirm both orders.

This appeal arose out of the theft of funds that occurred at the Green Acres Home Park (Green Acres), a mobile home park owned by Fred J. Jaindl. An employee of Green Acres discovered that certain rents had been paid by tenants, but that the monies had never been deposited in the bank. Mark Jaindl, the financial controller for Green Acres, conducted an investigation of the financial records and concluded that rent monies were indeed missing. Thereafter, Mark Jaindl contacted Trooper Michael P. Ryan of the Pennsylvania State Police, who began an investigation into the matter. Trooper Ryan concluded that the money had been stolen[1] and suspected that the culprit was Tamilee Mohr Haaf, a secretary for Green Acres.

[1] The record reflects that the amount of missing funds totalled $26,662.09.

Haaf was arrested and a preliminary hearing was held. The district justice found that a *prima facie* case existed against Haaf. The Lehigh County District Attorney's Office brought the case to trial by jury, the Honorable David E. Mellenberg presiding. The jury found Haaf not guilty of the charges against her.[2]

Subsequently, Fred Jaindl instituted a civil action against Haaf to recover the missing funds. Haaf responded by filing a counterclaim against Jaindl alleging claims of malicious prosecution, abuse of process, slander, and negligence.[3] A trial was scheduled for March 1, 1993. Shortly before trial, Fred Jaindl, Mark Jaindl, and Margaret Wehinger filed motions for summary judgment which were denied as untimely. When the parties appeared for trial on the scheduled date, however, counsel for Haaf indicated that he wished to amend the complaints to add additional claims against the Jaindls and Wehinger. The trial was continued. By order dated June 8, 1993, the Honorable Thomas A. Wallitsch denied Haaf's motion to amend. The Jaindls and Wehinger again filed motions for summary judgment which were timely, due to the postponed trial date. By order dated August 4, 1993, Judge Wallitsch granted summary judgment in favor of the Jaindls and Wehinger. This appeal followed.

Haaf raises the following issues for our review:

(1) Accepting as true all of the evidence pleaded and propounded by Haaf regarding her negligence claims, did the court err in holding that there are no genuine issues of fact and that the Jaindls and Wehinger are entitled to judgment as a matter of law?

(2) Accepting as true all of the evidence pleaded and propounded by Haaf regarding her malicious prosecution

2. Such charges included theft by failure to make the required disposition, 18 Pa.C.S.A. § 3927(a); theft by unlawful taking, 18 Pa.C.S.A. § 3921(a); receiving stolen property, 18 Pa.C.S.A. § 3925(a); and, tampering with records of identification, 18 Pa.C.S.A. § 4104.

3. At the same time, Haaf filed separate actions against Mark Jaindl and Margaret Wehinger (another employee of Fred Jaindl). The complaints contained the same causes of action as did the counterclaim against Fred Jaindl.

claims, did the court err in holding that there are no genuine issues of fact and that the Jaindls and Wehinger are entitled to judgment as a matter of law?

(3) Accepting as true all of the evidence pleaded and propounded by Haaf regarding her slander claims, did the court err in holding that there are no genuine issues of material fact and that the Jaindls and Wehinger are entitled to judgment as a matter of law?

(4) Did the court err in denying Haaf's motion to amend the pleadings for the purpose of stating more specific allegations of agency against Fred Jaindl d/b/a Green Acres?

Haaf's first three issues challenge the trial court's grant of summary judgment in favor of the Jaindls and Wehinger. Summary judgment shall be entered

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). "The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Marks v. Tasman*, 527 Pa. 132, 134, 589 A.2d 205, 206 (1991). Summary judgment may be entered only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989).

*Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992).

■ Haaf alleges negligence in her first issue. She claims that the Jaindls and Wehinger owed a duty of care to her to assure that the fiscal affairs of the business were properly managed and monitored so that she would not be falsely and unjustly accused of theft of money. In support of this position, Haaf cites the Restatement of Torts (2d), Sections 314A, 314B and 317. Reliance upon these Restatement sections is misplaced. Sections 314A and 314B relate only to physical

harm caused to an injured employee. Section 317 is also inapplicable, as it refers only to "bodily harm."

■ Haaf also contends that Pennsylvania recognizes a cause of action for the negligent procurement of criminal proceedings. *See Motheral v. Burkhart,* 400 Pa.Super. 408, 583 A.2d 1180 (1990) (noting that, in order for a plaintiff to prevail in such an action, he/she would have to allege a duty owed, a breach of the duty, and a causal relationship between the negligence and the bringing of criminal proceedings); *see also Little v. York County Earned Income Tax Bureau,* 333 Pa.Super. 8, 481 A.2d 1194 (1984) (upholding a verdict against defendant for negligently causing plaintiff's arrest and subsequent five day incarceration after plaintiff had followed defendant's erroneous instructions regarding local tax laws). We are persuaded, however, by this court's recent pronouncement in *Davis v. Equibank,* 412 Pa.Super. 390, 603 A.2d 637 (1992) in which the appellant claimed negligence against the appellees for mistakenly identifying appellant as the perpetrator of a robbery. There, we recognized the important public policy consideration

> that the potential of civil liability for the provision of mistaken information to law enforcement agents would have a chilling effect on citizen cooperation and the provision of valuable information by citizens to police. Further, we are in agreement that the public interest in investigation of a crime outweighs the recognition of a negligence action for negligent identification of a suspect. . . . [W]e decline to recognize a cause of action for negligent identification of another as a perpetrator of a crime.

*Id.* at 397, 603 A.2d at 641. In support of this conclusion, this court quoted the Restatement of Torts (2d), Section 653, comment g:

> The rule exonerating an honest informer rests on the premise that either (1) there is no duty of reasonable care owed to the person informed against and as a consequence there is no negligence on which the informer can be held liable, or (2) there is a privilege or immunity granted to the informer

in performing his public responsibility.... On either premise, the rule derives from sound public policy that the efficient enforcement of criminal law requires that a private person who renders aid to the police by giving honest, even if mistaken, information about crime should be given effective protection.

While Haaf argues that *Davis* applies only to negligent misidentification, we are persuaded that Haaf's claim can be characterized as such, as she claims that she was wrongfully identified and prosecuted for the thefts. The trial court correctly determined that the Jaindls and Wehinger should be granted summary judgment on this issue.

 Haaf next argues that the Jaindls and Wehinger are liable to Haaf on the theory of malicious prosecution. Specifically, her complaint alleges that the Jaindls' and Wehinger's primary purpose in blaming Haaf for the thefts was to set her up as a scapegoat to cover up for gross mismanagement and other irregularities in the business of Green Acres. In an action for malicious prosecution, the plaintiff must prove that: (1) the defendant initiated the criminal proceedings against him/her without probable cause and primarily for a purpose unrelated to bringing an offender to justice, and (2) the proceedings terminated in plaintiff's favor. *Cap v. K–Mart Discount Stores, Inc.*, 357 Pa.Super. 9, 11, 515 A.2d 52, 53 (1986); *Bruch v. Clark*, 352 Pa.Super. 225, 228, 507 A.2d 854, 856 (1986); *see also Neczypor v. Jacobs*, 403 Pa. 303, 308–09, 169 A.2d 528, 531 (1961); Restatement (2d) of Torts § 653.

 It is not disputed that the criminal proceedings terminated in Haaf's favor; she was acquitted of the charges against her. The question, rather, is whether the Jaindls and Wehinger initiated the criminal proceedings against Haaf without probable cause.

[P]robable cause [does] not [indicate] an actual state of guilt. One is justified in launching a criminal prosecution if the facts convince him, as a reasonable, honest and intelligent human being, that the suspected person is guilty of a criminal offense. The arresting person may be in error, but

if his error is an honest one, not motivated by personal malice, bias or revenge, the law will hold him harmless, regardless of the eventual result of the criminal prosecution. *Bruch,* 352 Pa.Super. at 228, 507 A.2d at 856 (quoting *Neczypor,* 403 Pa. at 308, 169 A.2d at 531). Further, where the evidence is undisputed or only slight differences exist in collateral matters, the issue of probable cause is a matter for the court and not the jury. *Bruch,* 352 Pa.Super. at 228, 854 A.2d at 856; *see also Simpson v. Montgomery Ward,* 354 Pa. 87, 90, 46 A.2d 674, 676 (1946) ("[i]t has been immemorially held that the public interest requires that the legally trained mind of the judge and not the more or less emotional minds of the jurors, decide whether or not there was probable cause for the initiation of prosecution").

Given these standards, we are convinced that the trial court properly found the evidence sufficient to establish probable cause to justify the initiation of Haaf's criminal prosecution as a matter of law. Trooper Ryan, after conducting his investigation, prepared a criminal complaint and affidavit of probable cause, which led to an arrest warrant for Haaf. At the preliminary hearing, it was concluded that the prosecution had made out a *prima facie* case against Haaf. Further, the case was submitted to the jury after overcoming motions for nonsuit and for a directed verdict. The evidence of record establishes that Haaf was one of the few employees of Green Acres who was trained on and had access to the computer where rent deposits were noted and verified; her duties involved handling rent receipts and deposits; she was responsible for preparing the late rent report; she was working during the entire period of time in which the missing deposits occurred; her initials appeared on Renter Control Cards where missing deposits were noted; and finally, she made several cash deposits into her personal bank account in amounts exceeding her salary on dates that corresponded with those on which deposits were missing from Green Acres.

In light of the evidence presented, it is clear that Haaf has failed to raise any genuine issues of material fact with respect to probable cause. The trial court properly granted summary

judgment in favor of the Jaindls and Wehinger as to the malicious prosecution claim.[4]

Next, Haaf alleges a cause of action in slander against the Jaindls and Wehinger by claiming that they publicly accused Haaf of being a thief. To state a cause of action for defamation, a complaint must contain averments of fact which, if proven, would establish: (1) that the communication was defamatory; (2) that the defendant published the communication; (3) that it applied to the plaintiff; (4) that the recipient understood the defamatory meaning of the communication; (5) that the recipient understood that it was intended to be applied to the plaintiff; (6) that the plaintiff suffered special harm as a result of the publication; and (7) that the defendant abused a conditional privilege. *Smith v. Wagner*, 403 Pa.Super. 316, 588 A.2d 1308 (1991); 42 Pa.C.S.A. § 8343.

Haaf has failed to plead or prove that the Jaindls or Wehinger published the communications at issue to third persons. The trial court ordered Haaf to amend her counterclaim and complaints to include at least one third person, but Haaf did not comply. A complaint for defamation must, on its face, identify exactly to whom the allegedly defamatory statements were made. *Moses v. McWilliams*, 379 Pa.Super. 150, 549 A.2d 950 (1988). The general averments in Haaf's pleadings are insufficient to support a cause of action for slander, thus, the trial court was correct in granting summary judgment on this issue.

Finally, Haaf argues that the trial court erred in denying Haaf's motion to amend the pleadings for purposes of stating more specific allegations of agency against Fred Jaindl. While it is true that the right to amend should be liberally granted, absent an error of law or resulting prejudice to an adverse party, *Connor v. Allegheny General Hospital*, 501 Pa. 306, 311, 461 A.2d 600, 602 (1983); Pa.R.C.P. 1033,

---

4. Upon our review of the record and subsequent finding that summary judgment was proper in this case, we are convinced that Haaf's claim that this result violates the rule in *Nanty–Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932) is without merit. This claim, which Haaf does not include in her statement of questions involved, is dismissed without further discussion.

230

such a right is not absolute. Where a proposed amendment introduces a new and different cause of action after the statute of limitations has run, the amendment will not be permitted. *Frey v. Pennsylvania Electric Co.,* 414 Pa.Super. 535, 607 A.2d 796 (1992); *Hodgen v. Summers,* 382 Pa.Super. 348, 555 A.2d 214 (1989).

Here, Haaf's allegations would introduce a new cause of action; Haaf's initial cause of action against Fred Jaindl was only based upon his own alleged conduct, not the conduct of others. Had Haaf been permitted to amend her pleadings, Jaindl would have suffered undue prejudice by being forced to restructure his entire theory of defense. Additionally, Haaf's proposed amendment is beyond the expiration of the statute of limitations. *Frey, supra.*

Orders affirmed.