Mark B. ARONSON, Plaintiff,

v.

CREDITRUST CORPORATION, Hardy Wright, Michael Salvan, Carolyn Green and Scott Keene, Defendants.

No. CIV. A. 97–2262.

United States District Court, W.D. Pennsylvania.

April 23, 1998.

Mark B. Aronson Pittsburgh, PA, pro se.

Meyer Unkovic & Scott, Russell J. Ober Jr., Pittsburgh, PA, for Defendants.

## *OPINION* and *ORDER OF COURT*

AMBROSE, District Judge.

Pending before the Court is Defendants', Creditrust Corp., Carolyn Green, Milton Harper Wright, Michael J. Sullivan and Gregory Scott Keene,[1] Motion to Dismiss/Motion to Strike the Complaint of Plaintiff Mark Aronson ("Plaintiff"). Plaintiff has alleged in his Complaint that all of the Defendants have violated his rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et sec.*, ("FDCPA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 et. seq. ("UTPCPL"). Plaintiff also has brought a claim for defamation against Defendants Sullivan and Wright. In their Motion, Defendants ask this Court to dismiss Plaintiff's defamation claims and strike Plaintiff's request for punitive damages and attorney fees from Counts I through V and the First and Second Claims for Relief in Plaintiff's Complaint. For the reasons set forth below, the Defendants' Motion to Dismiss/Motion to Strike is granted in part and denied in part.

---

1. Plaintiff's Complaint names the defendants to be Creditrust Corporation, Hardy Wright, Michael Salvan, Carolyn Green and Scott Keene; the parties have stipulated that the defendants' correct names are as listed above.

## I. LEGAL STANDARD FOR MOTION TO DISMISS

In deciding a motion to dismiss, all factual allegations and all reasonable inferences therefrom must be accepted as true and viewed in the light most favorable to the plaintiff. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir.1988). A court may dismiss a plaintiff's complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss for failure to state a claim, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn*, 838 F.2d at 666.

## II. LEGAL STANDARD FOR MOTION TO STRIKE

Under Fed.R.Civ.P. 12(c), "the court [may strike] ... from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(c). Motions to strike, however, are disfavored in the absence of prejudice. *In re One Meridian Plaza Fire Litigation*, 820 F.Supp. 1460, 1488 (E.D.Pa.1993), *citing, J & A Realty v. City of Asbury Park*, 763 F.Supp. 85 (D.N.J.1991).

## III. FACTUAL BACKGROUND

The facts of the case *sub judice* as alleged by Plaintiff In his Complaint that are relevant to his defamation action against Defendants Sullivan and Wright are as follows.[2] At a time prior to 1990, Citibank issued a consumer MasterCard to Plaintiff. Complaint, ¶ 9. Charges were made on this account. *Id.* No payments were made on this account after February 18, 1991. *Id.* at ¶ 10. In August, 1997, Defendant Creditrust purchased this unpaid account from Citibank. *Id.* at ¶ 14. On October 14, 1997, Plaintiff spoke with Defendant Keene. *Id.* at ¶ 22. During this conversation, Defendant Keene looked at some records on Plaintiff's account.

Defendant Keene conveyed to Plaintiff that the records of Defendant Creditrust stated that Plaintiff had agreed to settle the matter for $2841.00, payable by three quick check payments each in the amount of $947.00 with the first payment due on October 3, 1997 and that it would have been Defendant Sullivan who put the payment schedule information on the computer. *Id.* at ¶¶ 22, 47DDD, 47FFF and 47KKK. Plaintiff, in fact, had never communicated with Defendant Sullivan. *Id.* at ¶ 25. Defendant Sullivan's entry was unauthorized and created the false scenario wherein it appeared to others that Plaintiff had entered into a settlement agreement and then breached it by not making the first payment by October 3, 1997. Defendant Keene also told Plaintiff that the computer did not indicate that Defendant Sullivan had spoken to Plaintiff. *Id.* at ¶ 47LLL. Defendant Keene furthered explained to Plaintiff that according to records reviewed by Defendant Keene, Defendant Wright thereafter noted on Defendant Creditrust's records that Plaintiff was taken out of the settlement plan into which he had (purportedly) entered because of failure to pay the first payment. *Id.* at ¶¶ 23 and 47AAA. Defendant Wright's entry taking Plaintiff out of the settlement plan was unauthorized and created the false scenario wherein it appeared to others that Plaintiff had entered into a settlement agreement and then breached it by not making the first payment by October 3, 1997. *Id.* at ¶ 24. At no time did Plaintiff offer or agree to settle the matter at hand or to pay Defendant Creditrust Corp. any money. *Id.* at ¶ 26. Defendant Scott believed the information he read to Plaintiff from the computer screen. ¶ 28.

## IV. MOTION TO DISMISS DEFAMATION CLAIMS AGAINST DEFENDANTS SULLIVAN AND WRIGHT

With respect to his defamation claim against Defendant Wright. Plaintiff asserts: "[i]n making a false entry on the computer at CREDITRUST taking a certain agreement out of plan, thereby inferring that Plaintiff had entered into a settlement plan but then

---

**2.** Plaintiff notes in one part of his Complaint that relevant to his defamation claims are ¶¶ 22, 23,

24, 25, 27, 47 KKK, 47LLL, 47OOO, 47PPP of his Complaint. Complaint, ¶ 65.

the settlement was breached by Plaintiff, Defendant defamed Plaintiff;" (2) "[a]s a result thereof, another employee of CREDITRUST was caused to wrongly believe that Plaintiff had reneged on a settlement with CREDITRUST which false belief Plaintiff corrected;" and (3) "Plaintiff's damages were nominal." Complaint, ¶¶ 80–82.

With respect to his defamation claim against Defendant Sullivan, Plaintiff asserts: "[i]n making a false entry on the computer at CREDITRUST that Plaintiff had entered into a settlement with CREDITRUST, when Plaintiff had not entered into any settlement with CREDITRUST, Defendant [Sullivan] set into motion the scenario whereby said false entry was undone by a subsequent entry that the settlement was taken out of plan;" (2) as a result thereof, another employee of CREDITRUST was caused to wrongly believe that Plaintiff had reneged on a settlement with CREDITRUST which false belief Plaintiff corrected; (3) "[a]s a result of Defendant's conduct, Plaintiff was defamed by Defendant [Sullivan];" and (4) "Plaintiff's damages were nominal." Complaint, ¶¶ 84–87.

Defendant argues three premises upon which the Motion to Dismiss should be granted: (1) the computer entries made by Wright and Sullivan cannot have a defamatory meaning; (2) Aronson fails to aver abuse of a conditional privilege; and (3) Aronson fails to aver that he suffered actual or special harm. "Because the Complaint fails to allege facts which, if proven, would establish that the subject communications were defamatory, that Aronson suffered actual or special harm as a result of their alleged publication, or that either Wright or [Sullivan] abused a conditional privilege to publish the alleged statements, defendants' Motion regarding the defamation claim must be granted." Defendants' Brief, p. 5.

Under Pennsylvania law, in an action for defamation, the plaintiff must prove: (1) the defamatory character of the communication; (2) the publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. *Elia v. Erie Ins. Exchange,* 430 Pa.Super. 384, 634 A.2d 657, 659 (1993), *appl. den'd,* 537 Pa. 662, 644 A.2d 1200 (1994). *See also Jaindl v. Mohr,* 432 Pa.Super. 220, 637 A.2d 1353, 1358 (1994), *aff'd,* 541 Pa. 163, 661 A.2d 1362 (1995); *Maier v. Maretti,* 448 Pa.Super. 276, 671 A.2d 701, 704 (1995), *appl. den'd,* 548 Pa. 637, 694 A.2d 622 (1997). .

Initially, the court must determine whether the communication complained of is capable of a defamatory meaning. *Id.* "A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* "A communication is also defamatory if it ascribes to another conduct, character, or a condition that would adversely affect his fitness for the proper conduct for his proper business, trade or profession." *Id.* Further, when considering whether a communication is defamatory, the nature of the audience is a determining factor. *Id.* at 705, *citing Agriss v. Roadway Exp., Inc.,* 334 Pa.Super. 295, 483 A.2d 456 (1984); *Beckman v. Dunn,* 276 Pa.Super. 527, 419 A.2d 583 (1980).

Applying this law to the facts of the case *sub judice* as pled by Plaintiff in his Complaint, I find that the statement allegedly made by Defendant Sullivan about Plaintiff, i.e. that Plaintiff had agreed to enter into a settlement agreement, even if false, is not capable of a defamatory meaning. Therefore, the Defendants' Motion to Dismiss the defamation action against Defendant Sullivan must be granted for failure to state a claim upon which relief can be granted and said claim against Defendant Sullivan dismissed. To the contrary, I find that the statement allegedly made by Defendant Wright, that after Plaintiff agreed to enter into the settlement agreement, he then failed to make his first payment and thus, was taken out of settlement agreement, is capable of a defamatory meaning in that such a statement implies that Plaintiff is unwilling to pay his debts, a conclusion that would tend to harm

his reputation as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.

■ Defendants, however, also argue that the defamation actions against Defendants Sullivan and Wright must be dismissed for failure of Plaintiff to allege that he suffered any special harm because of the allegedly defamatory statements. Plaintiff does not appear to dispute this contention by Defendants: "Plaintiff agrees that he suffered no real damages by these false entries. Plaintiff seeks nominal damages (one dollar) for that happening. But in addition, Plaintiff seeks punitive damages." Plaintiff's Brief, p. 4. Plaintiff does not cite this Court to any case law in support of his position that all he needs to plead are punitive damages.

■ The term "special harm," in the context of alleging a claim for defamation under Pennsylvania law, requires that the plaintiff allege a direct economic or pecuniary injury. *See Agriss*, 334 Pa.Super. at 327, 483 A.2d at 473. *See also* Restatement (Second) of Torts, § 575 comment b ("[s]pecial harm ... is the loss of something having economic or pecuniary value."). Here Plaintiff has explicitly alleged that he suffered no real damages but rather, only nominal damages as a result of Defendants Sullivan and Wright's allegedly defamatory statements. Accordingly, I find that Plaintiff has not sufficiently pled special harm resulting to him from publication of the allegedly defamatory statements by Defendant Sullivan and Wright and therefore, the Defendants' Motion to Dismiss Plaintiff's defamation claims against Defendants Sullivan and Wright must be granted for failure to state a claim upon which relief can be granted.[3]

Notably, while the Defendants also argue that Plaintiff's defamation claims must be dismissed because Plaintiff has failed to allege abuse of a conditional privilege, given my dismissal of Plaintiff's defamation claims for the reasons stated above, it is not mandatory that I address this alternative argument and therefore, I elect not to do so.

■ Finally, it should be noted that Plaintiff submits that if the Defendants' Motion to Dismiss his defamation action is granted, he should be permitted leave to amend his Complaint to allege a conspiracy to "set up" the Plaintiff. A response to a motion to dismiss and motion to strike is not the proper vehicle for requesting such relief from this Court. If Plaintiff is interested in amending his Complaint to allege a conspiracy to "set up" the Plaintiff, he needs to file a motion to amend his complaint with the Court.

## V. MOTION TO STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES.

■ Plaintiff has asserted a claim for punitive damages against the Defendants under both the federal FDCPA and the state UTPCPL. Defendants argue that punitive damages are unavailable under both statutes and move to strike Plaintiff's requests for punitive damages on that basis.

With respect to his claims under the FDCPA, Plaintiff states in pertinent part that "Defendants are liable to Plaintiff for statutory damages of no less than $100.00 and no more than $1000.00 per violation, [and] for punitive damages...." Complaint, ¶ 74.

The damages section of the federal FDCPA statute reads in relevant part:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by the individual, such additional damages as the court may allow, but not exceeding $1,000

. . . .

15 U.S.C. § 1692k. Notably, there is no reference to punitive damages being an option.

---

**3.** In so holding, I specifically note that I have taken into consideration Plaintiff's "punitive damages" argument and, obviously, disagree with his analysis of what must be pled in order to state a defamation claim under Pennsylvania law.

Based upon the plain language of the statute, and in the absence of any legislative history to the contrary, I find that punitive damages are not recoverable under the FDCPA and therefore, Defendants' Motion to Strike Plaintiff's request for punitive damages in relationship to his FDCPA claims is granted and said request ordered stricken from the Complaint.

The state UTPCPL allows a plaintiff who successfully alleges a violation of the UTPCPL "to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper." 73 P.S. § 201–9.2(a). In that part of his Complaint relevant to his UTPCPL claims against the Defendants, Aronson prays for "statutory damages, for treble damages, [and] for punitive damages." Complaint, ¶ 76.

■ The state statute explicitly states that a court may award "such additional relief as it seems necessary and proper" in addition to actual and treble damages. 73 P.S. § 201–9.2(a). Based upon the plain language of the statute and absent any authority from the Defendants to the contrary, I find that the UTPCPL allows a court discretionary authority to award punitive damages in addition to actual and treble damages in cases where the court finds such additional relief to be "necessary or proper." *See Hammer v. Nikol*, 659 A.2d 617, 620 (Pa. Commw.1995) (appellate court affirmed trial court's award of twice plaintiff's actual damages, attorney's fees and costs on the basis that section 9.2 of the UTPCPL allows court the discretion to award treble damages and "such additional relief as it deems necessary or proper"); *Adams v. General Motors Corp.*, 1990 WL 18850, *2 (E.D.Pa. February 26, 1990) ("[a]lthough there is little case law on the availability of punitive damages under the UTPCPL, what law there is suggests that punitive damages are appropriate where violations are repeated or extreme.") (citations omitted). Accordingly, the Defendants' Motion to Strike Plaintiff's request for punitive damages in relation to his UTPCPL claims is denied.

## VI. *MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES.*

It is undisputed by the parties that Plaintiff has instituted this action *pro se* (although Plaintiff has represented in his Brief in Opposition to Defendants' Motion that he does have counsel, no appearance of record has been entered by this Court).

It is further undisputed by the parties that a *pro se* plaintiff is not entitled to recover attorney fees. Rather, in relevant part, Plaintiff's response to the Defendants' Motion to Strike his request for attorney's fees is that such a request is premature because while he is currently acting *pro se*, he has retained counsel and in the future he may decide to have said unnamed attorney enter his appearance and then he would be entitled to attorneys' fees, and that by demanding attorneys' fees, he is merely protecting the record. Plaintiff's Brief, p. 6. Plaintiff also argues that Fed.R.Civ.P. 12(c) is an improper procedural vehicle for striking a request for attorneys' fees.

■ First, I find that under the mandates of Fed.R.Civ.P. 12(c), I do have the authority to strike Plaintiff's request for attorneys' fees if said request is improper. Second, I find that given that currently Plaintiff is acting *pro se* in bringing this Complaint against the Defendants, Plaintiff at this juncture can under no circumstances recover attorney fees with respect to this action and therefore, this Motion to Strike Plaintiff's Request for Attorneys' Fees should be granted and said request stricken from the Plaintiff's Complaint. I will, however, grant the Defendants' Motion on this issue without prejudice and if at some point in the future an attorney enters an appearance in this action on behalf of Plaintiff, I will consider a motion by Plaintiff to amend his Complaint to request attorneys' fees.

## *ORDER OF COURT*

**AND NOW**, this **23rd** day of April, 1998, for the reasons set forth above, it is hereby **ORDERED** that the Defendants' Motion to

Dismiss the Defamation Claims against Defendants Wright and Sullivan contained in Plaintiff's Complaint (Docket # : 2) is **GRANTED** for failure to state a claim upon which relief can be granted.

It is further **ORDERED** that the Defendants' Motion to Strike (Docket # : 2) is **GRANTED** as to Plaintiff's (1) request for attorneys' fees and (2) request for punitive damages with respect to his federal FDCPA claims; and is **DENIED** as to Plaintiff's request for punitive damages with respect to his state UTPCPL claims.