J-A17030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES DICKERSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DESIMONE, INC. D/B/A DESIMONE AUTO GROUP | |
| Appellee | No. 1581 EDA 2015 |

Appeal from the Judgment Entered May 15, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 4526 August Term, 2011

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 07, 2016**

James Dickerson appeals from the judgment entered in favor of DeSimone, Inc. D/B/A DeSimone Auto Group ("DeSimone") in the Court of Common Pleas of Philadelphia County.  After our review, we affirm.

This case involves a failed transaction between Dickerson and DeSimone for the sale of a vehicle.  On January 12, 2008, Dickerson purportedly purchased a 2004 Chevy Silverado from DeSimone for $16,383.05.  DeSimone allowed Dickerson to take possession of the vehicle, without any exchange of money, and Dickerson drove the vehicle off the lot.  Thereafter, Dickerson replaced the tire rims, and he discarded the ones he had replaced.  DeSimone was unable to obtain financing terms agreeable to

_____

[*] Retired Senior Judge assigned to the Superior Court.

both parties, and Dickerson returned the car to DeSimone on January 22, 2008. However, Dickerson returned the vehicle without the original tire rims.

DeSimone filed a criminal complaint against Dickerson, alleging theft. On January 24, 2008, police arrested Dickerson at his home. The court released Dickerson on bond the next day, and on January 6, 2009, at the request of the Philadelphia District Attorney's Office, the Honorable Gwendolyn Bright ordered the charges against Dickerson *nolle prossed.*

In August of 2011, Dickerson commenced a fraud action against DeSimone by writ of summons, and thereafter filed an amended complaint alleging one count of malicious prosecution. DeSimone filed an answer, new matter and counterclaim, alleging trespass to chattels, conversion, unjust enrichment and breach of contract. Dickerson filed an answer to DeSimone's counterclaim. DeSimone filed a motion for summary judgment, and the Honorable Shelley Robbins-New granted the motion and entered judgment against Dickerson on the malicious prosecution claim. Thereafter, following a non-jury trial, the Honorable Jacqueline Allen entered a verdict in favor of Dickerson on DeSimone's counterclaims, concluding that DeSimone failed to establish a prima facie case on any of its claims.

Dickerson raises two issues on appeal, challenging the orders entered by both Judge Robbins-New and Judge Allen:

> 1. Did [Judge Robbins-New] commit an error of law in granting DeSimone's Motion for Summary Judgment when [she] held Dickerson had not met the elements of malicious prosecution?

2. Did [Judge Allen] commit an error of law in granting (in part) DeSimone's post-trial motion (therefore causing the entry of judgment in favor of DeSimone) on its counterclaim when the court found DeSimone presented no credible evidence of damages but nonetheless vacated the trial court verdict in part upon Dickerson's failure to plead new matter to DeSimone's counterclaim?

Appellant's Brief, at 10.

In reviewing the trial court's grant of summary judgment, "[a]n appellate court may disturb the order of the trial court only where there has been an error of law or a manifest abuse of discretion. Notwithstanding, the scope of review is plenary and the appellate court shall apply the same standard for summary judgment as the trial court." *Cooper v. Delaware Valley Medical Ctr.*, 539 Pa. 620, 632, 654 A.2d 547, 553 (1995).

*BLaST Intermediate Unit 17 v. CNA Insurance Companies*, 674 A.2d 687, 689 (Pa. 1996).

To establish a successful claim of malicious prosecution, a plaintiff must show that the defendant "instituted proceedings without probable cause, with malice, and that the proceedings were terminated in favor of the plaintiff." *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995) (citations omitted). Probable cause in the context of malicious prosecution does not require proof beyond a reasonable doubt, but rather, is defined as "a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that a party is guilty of the offense." *Id.* at 86 (citations omitted). A showing of probable cause to institute proceedings against a plaintiff establishes an absolute defense against an action for malicious prosecution,

which renders immaterial the issue of whether the prosecutor's motive is malicious or otherwise. **Bruch v. Clark**, 507 A.2d 854, 856 (Pa. Super. 1986).

Judge Robbins-New found that Dickerson voluntarily returned the vehicle to DeSimone when financing could not be arranged; however, he returned the vehicle without its original tire rims. Dickerson admitted to replacing and discarding the "original spinning rims." **See** Plaintiff's Answer to New Matter and Counterclaim, 3/12/12, at ¶ 55. DeSimone claimed the missing tire rims were of greater value than the replacements, thus depriving DeSimone of the value removed from the vehicle.

We agree with Judge Robbins-New's determination that the evidence, viewed in the light most favorable to Dickerson, as plaintiff, established that he removed the tire rims, replaced them, returned the vehicle without the original rims, and, after receiving notice about the condition of the returned vehicle, failed to either return the original rims or reimburse DeSimone for them. As the court stated, "[t]hese facts demonstrated reasonable grounds of suspicion that [Dickerson] obtained a vehicle from DeSimone, removed value from the vehicle and returned the vehicle with the intent to deprive the DeSimone of the value removed from the vehicle." **See** Trial Court Opinion, 11/26/13, at 3-4. Thus, the evidence established there was probable cause for the arrest and, consequently, DeSimone had a complete defense to the claim of malicious prosecution. Accordingly, we agree with

Judge Robbins-New that summary judgment was appropriate. ***Bruch***, ***supra***.

Next, Dickerson argues that Judge Allen erred in vacating her February 2, 2015 order. Following the non-jury trial on DeSimone's counterclaims, Judge Allen entered a verdict in favor of Dickerson, finding DeSimone had failed to establish a prima facie case on its counterclaims of trespass to chattel, conversion, unjust enrichment and breach of contract. Thereafter, on April 23, 2015, following post-trial motions and oral argument, Judge Allen withdrew her findings, vacated her February 2, 2015 order, and issued an order finding in favor of DeSimone on the trespass to chattel claim. Judge Allen assessed no damages, however, concluding that DeSimone had failed to meet its burden of establishing a quantifiable loss.[1]

On appeal, Dickerson argues Judge Allen erred in vacating her February 2, 2015 order and ruling in favor of DeSimone on the trespass to chattels claim because DeSimone "presented no credible evidence of damages[.]" Appellant's Brief, at 10. We find no error. The court entered its verdict after determining, on post-trial motions, that DeSimone had

---

[1] Appellee DeSimone argues that the trial court equated "15 inch standard steel rims with 20 or 22 inch chrome alloy spinning rims, which is against the weight of the evidence[,]" ***see*** Appellee's Brief, at 24, and, therefore, damages should have been awarded. However, there is no indication in the record before us that DeSimone filed an appeal or cross-appeal from Judge Allen's order of April 23, 2015.

presented evidence, in part based on Dickerson's admissions, sufficient to establish a prima facie case of trespass to chattels.[2]  It was within the court's province to assess no damages.  The trial court, sitting as factfinder, was free to reject DeSimone's evidence of value as not credible.  ***See Condio v. Erie Insurance Exchange***, 899 A.2d 1136 (Pa. Super. 2006) (credibility determinations of trial court sitting as factfinder are binding on appellate court); ***see also Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.***, 933 A.2d 664 (Pa. Super. 2007).

Dickerson also claims Judge Allen erred in vacating the original ruling on the trespass to chattels claim in part due to Dickerson's failure to plead new matter in his reply to DeSimone's counterclaim.  This claim is waived.  Dickerson's argument consists of the following: "As to Dickerson's failure to plead New Matter to the counterclaim, neither DeSimone nor the trial court even specify why that would occasion the transfer (via post-trial motion) of judgment from Dickerson to DeSimone."  Appellant's Brief, at 25.  Dickerson

---

[2] A trespass to a chattel may be committed by intentionally (a) dispossessing another of the chattel, or (b) *using or intermeddling with a chattel in the possession of another*. One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) *the chattel is impaired as to its condition, quality, or value*, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. ***See*** Restatement (Second) of Torts §§ 217, 218. ***See also Pestco, Inc. v. Associated Products, Inc.***, 880 A.2d 700 (Pa. Super. 2005).

fails to develop this argument in his brief, and he cites no authority. ***See*** **Pa.R.A.P. 2119(a), (b), 2101; *see also Rettger v. UPMC Shadyside*,** 991 A.2d 915 (Pa. Super. 2010) (appellant's failure to cite single source of authority to support its analysis or to set forth standard of review waived its claim on appeal); ***Borough of Mifflinburg v. Heim***, 705 A.2d 456, 467 (Pa. Super. 1997) (deeming question waived [b]ecause appellant's discussion of this issue in the argument portion of his brief is limited to one sentence and includes no supporting citations to law[.]").[3]

Judgment affirmed.

PLATT, J., Joins the memorandum.

GANTMAN, President Judge, Concurs in the result.

_____

[3] In any event, we note that the pleadings established a prima facie case. In its counterclaim, DeSimone alleged:

> Defendant did not consent to Plaintiff's removal of the special spinning wheel rims, nor did Defendant consent to Plaintiff's retaining the special spinning wheel rims; Defendant has been harmed by Plaintiff's actions, in that Defendant has lost the value of the special spinning wheel rims; [Plaintiff] intentionally removed the special spinning wheel rims from the truck and, despite repeated demands, failed and refused to return said special spinning wheel rims to Defendant.

Defendant's Answer, New Matter and Counterclaim to Plaintiff's Amended Complaint, 2/20/12, at ¶¶ 60-63. In reply to DeSimone's counterclaim, Dickerson admitted that he removed the rims. ***See*** Plaintiff's Reply to Defendant's New Matter and Counterclaim, 3/12/12, at ¶ 63. Dickerson did not plead new matter, the heading under which defenses are pleaded in a reply. ***See*** Pa.R.C.P. 1030. Defenses that are not presented by preliminary objection, answer or reply are waived. ***See*** Pa.R.C.P. 1032.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2016