515 A.2d 52

**Joseph CAP, Appellant,**

v.

**K–MART DISCOUNT STORES, INC., K-Mart Store No. 3361, Jeffrey L. Miller, "John Doe" Mechanic, K-Mart Corp., Supervisors and Managers of Jeffrey L. Miller and John Doe, Appellees.**

Superior Court of Pennsylvania.

Argued April 3, 1986.

Decided Aug. 8, 1986.

Reargument Denied Sept. 30, 1986.

Joseph E. Cap, in propria persona.

Edward H. McGee, Allentown, for appellees.

Before McEWEN, OLSZEWSKI, and KELLY, JJ.

OLSZEWSKI, Judge:

Appellant challenges the lower court determination that his action for malicious prosecution should be dismissed because: (1) the statute of limitations bars the claim,[1] and (2) the complaint does not state a cause of action. Our decision today specifies that the statute of limitations for a malicious prosecution claim begins to run, not on the day of

---

**1.** There is no dispute that the statute of limitations is two years. 42 Pa.C.S.A. Sec. 5524(1) provides:

> The following actions and proceedings must be commenced within two years:
>    (1) An action for assault, battery, false arrest, malicious prosecution or malicious abuse of process.

the incident, but at the time a plaintiff is successfully vindicated of the charges against him. Pursuant to this holding, that part of the lower court opinion declaring otherwise is reversed. Our decision also reverses that part of the lower court dismissing the complaint for not stating a cause of action.

The facts, as set out in the complaint, are as follows. On February 11, 1982, appellant took his automobile to K-Mart to have it inspected. When told that it would not pass inspection without certain repairs being done first, appellant disagreed and refused to pay the cost of the inspection, $8.88. Appellant and his vehicle were detained at the K-Mart garage while an employee called the police. Appellant was charged with theft of services for refusing to pay for the inspection. On July 8, 1982, appellant was found guilty by a "justice of the peace."

Appellant took his case to the Lehigh County Court of Common Pleas. After a *de novo* hearing, he was found not guilty on March 7, 1983. Appellant filed a *pro se* complaint on March 6, 1985 raising claims of negligent inspection, false imprisonment, wrongful detention and malicious prosecution. Only the claim of malicious prosecution is presently before us.

We first address the issue concerning the statute of limitations. Specifically, we are called upon to determine when the statute of limitations begins to run in a malicious prosecution case. Appellant argues the run date should be the date the action was terminated in his favor, March 6, 1985, for our purposes. Appellees, however, contend the run date starts the day of the incident resulting in the arrest, which is February 11, 1982 in this case. The lower court agreed; we do not.

The true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion. 51 Am.Jr.2d, Limitation of Actions Sec. 107 (1970).

*See Kapil v. Association of Pennsylvania State Colleges and University Faculties*, 504 Pa. 92, 470 A.2d 482 (1983). Since there can be no action until a right of action is complete, *Sicola v. First National Bank of Altoona*, 404 Pa. 18, 170 A.2d 584 (1961), we must determine when that is for malicious prosecution.

The elements of an action for malicious prosecution are: (1) the proceedings were brought with malice, (2) there was no probable cause, and (3) the proceedings terminated favorably to the accused. *Sicola v. First National Bank of Altoona, supra; Lynch v. Johnson*, 76 Pa.Commonwealth Ct. 8, 463 A.2d 87 (1983). Until the proceedings are terminated, an accused does not have the right to start a malicious prosecution action. In addition, if convicted, he certainly cannot prove a lack of probable cause. It follows, then, that the right of action is not complete until there is a successful vindication in favor of the accused. It is our holding, therefore, that the statute of limitations for malicious prosecution begins to run on the date the proceedings terminated favorably to the accused. *See, Wilkenson v. Ellis*, 484 F.Supp. 1072 (E.D.Pa.1980); *Kedra v. City of Philadelphia*, 454 F.Supp. 652 (E.D.Pa.1978); *Sachs v. Levy*, 216 F.Supp. 44 (E.D.Pa.1963); *Sicola v. First National Bank of Altoona*, 404 Pa. 18, 170 A.2d 584 (1961). Appellant's claim should not have been dismissed on those grounds.

Our next point of inquiry concerns whether the complaint stated a cause of action for malicious prosecution. In reviewing a demurrer, it will be sustained only if it is certain that no recovery can be permitted. Any doubt must be resolved against sustaining the demurrer. *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970). We must accept as true all well-pleaded material facts in the complaint as well as all inferences reasonably deducible therefrom. *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983). But, conclusions of law or unjustified inferences are not to be drawn from the face of the complaint. *Buchanan v. Brentwood Federal Savings and Loan Association*, 457

Pa. 135, 320 A.2d 117 (1974). Further, in ruling on a demurrer, the court may consider only such matters as arise out of the complaint; it cannot supply a fact missing in the document under scrutiny. *Linda Coal and Supply Co. v. Tasa Coal Co.,* 416 Pa. 97, 204 A.2d 451 (1964).

As set out previously, there are three elements of an action for malicious prosecution: (1) malice, (2) lack of probable cause, and (3) favorable termination. Although ultimately found not guilty, appellant was initially found guilty of the summary offense before a "justice of the peace." The lower court relied upon *Lynn v. Smith,* 193 F.Supp. 887 (W.D.Pa.1961), which held that a conviction by the justice of the peace in a summary proceeding, even though reversed on appeal, is sufficient proof of cause to defeat an action for malicious prosecution. We do not agree. Appellant's complaint, therefore, was improperly dismissed.

Order vacated. Remanded. Jurisdiction is relinquished.

KELLY, J., concurred in the result.