Eugene C. BUCHLEITNER, an
Individual, Appellant,

v.

Alan H. PERER, an Individual, and
Swensen & Perer, Appellees.

Superior Court of Pennsylvania.

Argued March 13, 2001.
Filed Feb. 14, 2002.
Reargument Denied April 9, 2002.

Ronald D. Barber, Pittsburgh, for appellant.

David S. Bloom, Pittsburgh, for appellees.

Before JOHNSON, TODD, and KELLY, JJ.

KELLY, J.

¶ 1 Appellant, Eugene C. Buchleitner, asks us to review the trial court's order granting summary judgment in favor of Appellees and dismissing with prejudice Appellant's Dragonetti Act cause of action for wrongful use of civil proceedings at 42 Pa.C.S.A. § 8351, based solely upon the release executed in a prior federal court case. Specifically, Appellant inquires whether his dismissal from the federal case on summary judgment constitutes a "favorable outcome" for purposes of his present cause of action, where the remaining defendants in the federal case subsequently entered into a settlement and release and included Appellant in the settlement agreement as a named defendant, but where Appellant alleges he did not consent or contribute to the settlement.

¶ 2 We hold that what effect the remaining defendants' settlement in the federal case should have on Appellant's present cause of action is a material question of fact and not a proper basis upon which to grant Appellees' motion for summary judgment. We further hold that if Appellant's dismissal from the federal court case by virtue of summary judgment is determined to be a "favorable outcome," then that outcome did not become final until the entire federal case concluded. Thus, the statute of limitations applicable to Appellant's cause of action for wrongful use of civil proceedings began to run upon final disposition of the federal action. We are also satisfied that the allegations contained in Appellant's complaint set forth sufficient facts and suggest reasonable inferences to support a *prima facie* showing that Appellees wrongfully pursued the federal case against Appellant. The better resolution of this matter is to put Appellant to his burden of proof in further proceedings. Accordingly, we vacate the order granting summary judgment and remand the matter to the trial court.

¶ 3 The facts and procedural history relevant to this appeal are as follows. Appellant was the principal of a high school when a student charged one of her high school teachers with sexually inappropriate conduct on three occasions: November 3, 1992, November 5, 1992, and February 7, 1993. Although Appellant had become the principal of the high school in August 1992, he claimed he first heard of these allegations on February 24, 1993, when he received a report from a school guidance counselor. On March 2 and 3, 1993, Ap-

pellant met with the student and members of her family, sought and received advice from the attorneys for the school district, and promptly initiated an investigation.

¶4 The student retained Appellees as counsel. On November 2, 1994, she initiated a civil rights action in federal court, naming the school district, Appellant, and others as defendants. Following Appellant's deposition, Appellees refused to discontinue or dismiss him from the case. As discovery concluded and the federal case progressed toward trial, Appellant moved for summary judgment on November 20, 1995. Appellees opposed Appellant's motion for summary judgment, which was ultimately granted on June 10, 1996. In its memorandum opinion disposing of Appellant's summary judgment motion, the federal court stated:

> The first time [Appellant] heard of any potential misconduct by [the teacher] was on February 24, 1993, when he received a report from . . . a school guidance counselor. [The counselor] informed [Appellant] that he had received a telephone call from [the student's] aunt. . . . The following week, on March 2, 1993, [the student's] aunt telephoned [Appellant] directly and related the accusation of sexual harassment against [the teacher].
>
> Twice the next day, [the student's] father called [Appellant]; first to discuss generally [the student's] absence from school and then to inform [Appellant] of the sexual misconduct allegation [the student] had made against [the teacher]. The record evidence shows that [Appellant] did not respond to [the student's] misconduct allegation with deliberate indifference. He personally investigated the reports; he privately met with [the student] and her parents a number of times; he talked to teachers, students and [the accused teacher] about the al-

leged misconduct. There is no evidence that either [of the two other school officials named as defendants] informed [Appellant] about any prior rumors or reports about [the accused teacher's] past behavior.

> There is no evidence that [Appellant] maintained a policy, custom, or practice which played an affirmative role in bringing about the sexual abuse [the student] suffered or that he acted with deliberate indifference to the health, safety and welfare of the female student body in general and [the student] in particular.

(Memorandum Opinion, dated June 10, 1996, at 16–17; R.R. at 40a–41a). The federal court concluded that the student could not sustain her claim against Appellant, entered judgment in Appellant's favor as a matter of law, and dismissed him from the case. *Id.* (summary judgment granted June 10, 1996 and entered June 11, 1996). Eighteen months later, the remaining parties settled the case. As a result of the settlement, a release was executed as to all of the named defendants, including Appellant, bringing the federal case to an end on December 2, 1997.

¶5 On August 18, 1998, Appellant initiated an action in state court against Appellees for wrongful use of civil proceedings. The gravamen of his complaint was that Appellees had initiated and continued the federal action against Appellant, maintaining allegations of serious constitutional violations against Appellant, in a grossly negligent manner, or without probable cause and for an improper purpose. Appellant sought relief in the nature of compensation for costs in defending the federal suit, loss of reputation, loss of future promotional opportunities, emotional distress, and punitive damages.

¶6 On January 6, 2000, Appellees filed a motion for summary judgment or, in the

alternative, a motion for judgment on the pleadings, which Appellant opposed. In their motion, Appellees asserted that the release executed in the federal court case was dispositive and, as a result, Appellant had not enjoyed a "favorable outcome" for purposes of the current action. Appellees also argued that the statute of limitations had run on Appellant's claim prior to the commencement of his present cause of action. Specifically, Appellees maintained that Appellant's alleged cause of action accrued on June 11, 1996,[1] the date Appellant was dismissed from the federal case on summary judgment, and that dismissal occurred more than two years before Appellant instituted the current action. Appellees further asserted that they were entitled to judgment as a matter of law insofar as Appellant had failed to state a *prima facie* case that the federal action had been procured, initiated or continued with an "improper purpose," as required by statute. On February 11, 2000, the trial court granted Appellees' dispositive motion and dismissed Appellant's case with prejudice, **based solely upon the release in the federal case**. This timely appeal followed.

¶ 7 Appellant now raises the following three issues for our review:

WHETHER THE SUMMARY JUDG-MENT GIVEN BY THE FEDERAL COURT IN FAVOR OF [APPEL-LANT] IN THE UNDERLYING FEDERAL COURT LAWSUIT CON-STITUTED A TERMINATION IN FAVOR OF [APPELLANT] FOR PURPOSES OF 42 Pa.C.S.A. § 8351(a)(2).

WHETHER THE RELEASE EXE-CUTED BY THE PLAINTIFF IN THE UNDERLYING FEDERAL COURT LAWSUIT, AFTER SUM-MARY JUDGMENT HAD ALREADY BEEN GRANTED IN FAVOR OF [APPELLANT] IN THAT ACTION, AFFORDS ANY DEFENSE TO [AP-PELLEES] IN THE PRESENT AC-TION.

WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT OR IN THE ALTERNA-TIVE JUDGMENT ON THE PLEAD-INGS (IN WORDS OF THE TRIAL COURT'S ORDER) "BASED ON THE RELEASE IN THE FEDERAL COURT CASE."

(Appellant's Brief at 4).

¶ 8 Dismissal of an action pursuant to the Pennsylvania rules governing summary judgments implicates the following principles:

**RULE 1035.2 MOTION**

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine is-sue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discov-ery relevant to the motion, includ-ing the production of expert re-ports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of

---

1. Appellees consistently refer to the date of June 10, 1996 as controlling. We note that the order granting summary judgment in the federal case in favor of Appellant was signed on June 10, 1996 and entered on the official docket on June 11, 1996. For purposes of consistency, therefore, we will refer in our discussion to the date of entry of the order, June 11, 1996, as the relevant date.

facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Pa. R.C.P. 1035.2 *Note.*

\* \* \*

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. In reviewing a grant of summary judgment, the appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion. The scope of review is plenary and the appellate Court applies the same standard for summary judgment as the trial court.

*McCarthy v. Dan Lepore & Sons Co., Inc. et al.,* 724 A.2d 938, 940–41 (Pa.Super.1998), *appeal denied,* 560 Pa. 707, 743 A.2d 921 (1999) (internal citations omitted). This Court has explained:

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.,* 753 A.2d 829, 832 (Pa.Super.2000) (internal citations omitted). The trial court's standard for summary judgment may be summarized as follows:

An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. The moving party has the burden of proving the nonexistence of any genuine issue of material fact. Further, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Kilgore v. City of Philadelphia,* 553 Pa. 22, 25, 717 A.2d 514, 516 (1998).[2]

¶ 9 Appellant argues that the order granting his motion for summary judgment and dismissing him from the federal case constitutes a "favorable outcome" for purposes of 42 Pa.C.S.A. § 8351(a)(2). He maintains that the later settlement and release in that case does not alter or compromise the character of his victory, even if he appears as a named defendant in the settlement agreement. Appellant also asserts that the settling parties' independent decision not to appeal Appellant's favorable ruling has no affect on his victory. Appellant argues, "Certainly in the present procedural posture, where facts and inferences are to be construed most favorably to [Appellant], it cannot be said that he 'bought peace' in the [underlying federal] litigation." (Appellant's Brief at 11). Appellant concludes that the trial court erred in dismissing his case based upon the settlement and release in the federal case.

¶ 10 Appellees counter that the settlement agreement in the federal case constituted a compromise of the disputed claims, and not a victory for Appellant in any respect. Appellees claim Appellant cannot

**2.** As in *Kilgore,* the most recent revisions to the rules governing summary judgment do not affect the application of this standard in the instant matter.

show a "favorable termination" for purposes of his suit for wrongful use of civil proceedings against the attorney who prosecuted the federal case. "This is true even where the settlement is entered into after the plaintiff has already been dismissed from the underlying case on summary judgment motion." (Appellees' Brief at 7) (relying on *Electronic Laboratory Supply Co. v. Cullen*, 712 A.2d 304 (Pa.Super.1998)). Appellees conclude that the trial court properly dismissed Appellant's case based upon the settlement and release executed in the federal action. For the following reasons, we conclude that the resolution of this issue is more complex than either party represents.

■■ ¶ 11 An action for wrongful use of proceedings, known also as Pennsylvania's Dragonetti Act, is described in pertinent part by statute as follows:

### § 8351. Wrongful use of civil proceedings

**(a) Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner **or** without probable cause and primarily for a purpose other than that of securing proper discovery, joinder of parties or adjudication of the claim which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

\* \* \*

42 Pa.C.S.A. § 8351 (emphasis added). "Sections 8352 through 8354 describe further the meaning of 'probable cause,' the various categories of allowable damages, and the plaintiff's burden of proof." *Hart v. O'Malley*, 544 Pa. 315, 321, 676 A.2d 222, 225 (1996).

¶ 12 The statute defines "the existence of probable cause" as follows:

### § 8352. Existence of probable cause

A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:

(1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;

(2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

(3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa.C.S.A. § 8352. The damages available under Section 8353 include:

### § 8353. Damages

When the essential elements of an action brought pursuant to this subchapter has been established as provided in section 8351 (relating to wrongful use of civil proceedings), the plaintiff is entitled to recover for the following:

(1) The harm normally resulting from any arrest or imprisonment, or any dispossession or interference with the advantageous use of his land, chattels or other things, suffered by him during the course of the proceedings.

(2) The harm to his reputation by any defamatory matter alleged as the basis of the proceedings.

(3) The expense, including any reasonable attorney fees, that he has rea-

sonably incurred in defending himself against the proceedings.

(4) Any specific pecuniary loss that has resulted from the proceedings.

(5) Any emotional distress that is caused by the proceedings.

(6) Punitive damages according to law in appropriate cases.

42 Pa.C.S.A. § 8353. With respect to the plaintiff's burden of proof, Section 8354 provides:

### § 8354. Burden of proof

■ In an action brought pursuant to this subchapter the plaintiff has the burden of proving, when the issue is properly raised, that:

(1) The defendant has procured, initiated or continued the civil proceedings against him.

(2) The proceedings were terminated in his favor.

(3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

(5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).

42 Pa.C.S.A. § 8354. There is no dispute that a two-year statute of limitations governs the tort of wrongful use of civil proceedings. 42 Pa.C.S.A. § 5524(1); *Cap v. K–Mart Discount Stores, Inc.*, 357 Pa.Super. 9, 515 A.2d 52 (1986).

¶ 13 Our initial inquiry concerns the trial court's determination as a matter of law that the settlement in the underlying federal case precludes Appellant's present cause of action. Well-settled Pennsylvania law states:

Whether a withdrawal or an abandonment [of a case] constitutes a final determination of the case in favor of the person against whom the proceedings are brought…depends upon the circumstances under which the proceedings are withdrawn.

*Bannar v. Miller*, 701 A.2d 242, 247 (Pa.Super.1997) (quoting *Restatement (Second) of Torts* § 674 (comment j) (1977)) (holding under circumstances of case, voluntary dismissal constituted determination in favor of parties against whom proceedings were brought). *See also Georgiana v. United Mine Workers of America, Intern. Union by Trumpka*, 392 Pa.Super. 58, 572 A.2d 232 (1990) (holding effect one defendant's unilateral negotiation of settlement has on another defendant, who did not participate in that settlement, simply because parties are named defendants in same suit, is question of fact properly reserved to factfinder, and is not proper ground upon which to dismiss case). *Cf. Rosenfield v. Pennsylvania Auto. Ins.*, 431 Pa.Super. 383, 636 A.2d 1138 (1994) (holding voluntary discontinuance of case because issues became moot does not constitute favorable termination for purposes of wrongful use of civil proceedings action).

¶ 14 In *Georgiana*, the United Mine Workers of America ("UMW") sued Mr. and Mrs. Georgiana, accusing Mrs. Georgiana of fraud, and asking the court to freeze the couple's joint bank account and order them to return all payments they had received from UMW members. Eventually, UMW and Mrs. Georgiana entered into a settlement agreement, pursuant to which UMW dropped its complaint against **both** Mr. and Mrs. Georgiana.

¶ 15 Subsequently, Mr. Georgiana filed a complaint against UMW, alleging that it had wrongfully brought civil proceedings against him, and sought damages in the

amount of $10,000.00. The trial court ruled as a matter of law that Mr. Georgiana could not recover for wrongful use of civil proceedings. The court reasoned that the action underlying his suit had not terminated in Mr. Georgiana's favor, as it had ended in a settlement agreement.

¶ 16 On appeal, Mr. Georgiana argued that the allegations contained in his complaint, if accepted as true, would establish that he had not participated in the settlement agreement. He specifically averred that no settlement had been demanded or reached with him. He claimed he had not been given the opportunity to consent to any type of compromise, as the settlement was never discussed with him. Citing comment j to Section 674 of the *Restatement (Second) of Torts,* this Court agreed with Mr. Georgiana that the unilateral action of one party in negotiating a settlement does not necessarily bind another party who did not participate in that settlement, simply because both are named defendants in that suit. *Georgiana, supra* at 235. Given the circumstances under which UMW's case was withdrawn, this Court held that the effect of the settlement

was a question of fact and was not an appropriate ground upon which to dismiss Mr. Georgiana's action for wrongful use of civil proceedings. *Id.*[3] Not surprisingly, Appellant relies on *Georgiana* to support his assertions on appeal that the settlement agreement in the underlying federal suit does not necessarily impair his claim of a "favorable outcome" in that case.

¶ 17 On this point, Appellees disagree, and rely upon the case of *Electronic Laboratory Supply Co. v. Cullen,* 712 A.2d 304 (Pa.Super.1998) to support their assertion to the contrary. During the 1980's, Electronic Laboratory Supply Co. (ELSCO) purchased large quantities of scrap material from Motorola, Inc. to smelt the material for the reclamation of various precious and non-precious metal ingredients. In 1988, Motorola became aware that its scrap material was being diverted and resold in Asia as first quality Motorola parts, in violation of federal law. Motorola conducted two audits of ELSCO's operation, concluding that ELSCO was at least one source of the diverted scrap products discovered abroad. Consequently, Motorola filed suit in federal court, claiming, *inter*

---

**3.** Mr. Georgiana's suit was dismissed as a result of UMW's preliminary objections in the nature of a demurrer, which admit all relevant facts sufficiently pleaded in the complaint and all fairly deducible inferences from those facts, but not conclusions of law or unjustifiable inferences. Any doubt must be resolved against the moving party, and the complaint may be dismissed and judgment entered only where it appears with certainty that, upon the facts averred, the law does not permit recovery. *See Cardenas v. Schober,* 783 A.2d 317 (Pa.Super.2001); *Schuylkill Navy v. Langbord,* 728 A.2d 964 (Pa.Super.1999).

Although the instant case involves an entry of summary judgment, it implicates analogous principles on review. The moving party has the burden of proving the nonexistence of any genuine issue of material fact; the record must be viewed in the light most favorable to the non-moving party; and all doubts as to

the existence of a genuine issue of material fact must be resolved against the moving party. *See Kilgore, supra.* Summary judgment depends upon an evidentiary record that either shows the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action or defense. *See* Pa.R.C.P. 1035.2. Otherwise, a disposition of the case on summary judgment is improper. Here, the analogy is even stronger, as Appellees' motion for summary judgment was labeled in the alternative as a motion for judgment on the pleadings. *See generally Municipality of Mt. Lebanon v. Reliance Ins. Co.,* 778 A.2d 1228 (Pa.Super.2001); *Insurance Co. of Evanston v. Bowers,* 758 A.2d 213 (Pa.Super.2000) (stating task of reviewing court is to determine whether trial court's action is based on clear error of law or whether there are facts disclosed by pleadings, which should properly go to jury).

*alia,* that ELSCO and others were "passing off" inferior scrap as first-quality Motorola parts. Motorola filed for an *ex parte* Writ of Seizure. After the seizure, ELSCO counterclaimed against Motorola, its officers, and the attorneys who had obtained the seizure order. Subsequently, Motorola's claims against ELSCO were dismissed, but Motorola's claims against the other defendants remained, along with ELSCO's counterclaim against Motorola, its officers, and its counsel. Thereafter, the Motorola parties, ELSCO, and others entered into a settlement agreement in which Motorola agreed not to appeal the dismissal of its original suit. against ELSCO, to pay ELSCO $259,206.00, and to dismiss all remaining claims in its original action. In return, ELSCO agreed to dismiss its counterclaim against the Motorola parties, but specifically preserved its claim against Motorola's counsel. Later, the federal court dismissed ELSCO's federal wrongful seizure claims and the remaining state law claim for wrongful use of civil proceedings without prejudice, and transferred the pendent state claim to state court.

¶ 18 Following the transfer to state court, the Motorola attorney defendants moved for summary judgment in state court. That motion was denied and the state claims were listed for trial. Prior to trial, a second judge granted the attorney defendants' second motion for summary judgment on the basis that the federal action had not terminated favorably as to ELSCO. ELSCO appealed.

¶ 19 On appeal, ELSCO argued that federal proceedings had terminated in its favor, such that it could maintain its Dragonetti Act claim. Initially, the Court noted the general rule that a settlement agreement is a compromise of claims that fails to meet the requirements of favorable termination for purposes of a wrongful use of civil proceedings cause of action. *Id.* at 310. Notwithstanding ELSCO's specific reservation of its claims against the Motorola attorneys, this Court examined the circumstances surrounding the settlement in the federal case and determined that the record presented clear evidence the parties truly intended to settle all of their disputed claims. This Court also recognized that the federal court had dismissed ELSCO's federal claims against the attorney defendants with prejudice and by so doing, left no genuine issues of material fact in ELSCO's state claim. This Court emphasized that **both** parties were active in the settlement of the federal case, and under such circumstances, ELSCO's liability was never legally determined. Accordingly, this Court affirmed the trial court's order entering judgment as a matter of law in favor of the Motorola attorney defendants.[4] Appellees maintain that *Elec-*

4. The dissent recognized that Pennsylvania law "encourage[s] us to consider the circumstances surrounding the settlement of the underlying action when deciding if proceedings are terminated in favor of a litigant." *Id.* at 313. Relying on the fact that ELSCO had been dismissed from the federal case on summary judgment and on ELSCO's "careful reservation of its cause of action against the attorney defendants in both the settlement agreement and the stipulations filed in federal court," the dissent stated:

I conclude that [ELSCO's] settlement of the underlying claims with Motorola should not prevent this action from proceeding against the attorney defendants. Rather, I believe...[the grant of summary judgment in favor of ELSCO] resolved...all claims concerning the attorney defendants' actions in obtaining the *ex parte* seizure order. Motorola's agreement not to pursue an appeal of the summary judgment decision does not change the fact that the District Court had concluded that the actions taken against [ELSCO] had no merit. I give great weight to the...language in the settlement agreement specifically preserving the claims against the attorney defendants. Although

*tronic Laboratory Supply Co.* is "virtually identical" to the case under review on this appeal. We cannot agree.

¶ 20 In his complaint in the instant case, Appellant averred Appellees knew or should have known that they could not maintain their case against Appellant. (*See* Complaint at ¶¶ 15–17; R.R. at 86a–87a). As evidence of this knowledge, Appellant asserted Appellees made no mention of him in their pretrial statement required under the local federal rules. (*Id.* at ¶ 19; R.R. at 87a). According to Appellant, despite Appellees' lack of evidence to support their allegations against Appellant, they continued the case against him and opposed his motion for summary judgment. (*Id.* at ¶ 21; R.R. at 88a).

¶ 21 Appellant's complaint also includes the federal court's decision that Appellant did not respond to the student's misconduct allegation with deliberate indifference; that he personally investigated the reports, privately met with the student and her parents a number of times, and talked to teachers, students and the accused teacher about the alleged misconduct; that there was no evidence either of the two other school officials named as defendants informed Appellant about any prior rumors or reports about the accused teacher's past behavior; that there was no evidence Appellant maintained a policy, custom, or practice which played an affirmative role in bringing about the sexual abuse the student suffered or that he acted with deliberate indifference to the health, safety and welfare of the female student body in general and the student in particular. (*Id.* at ¶ 22; R.R. at 88a–89a). Further, Appellant has pleaded that he did not participate in the negotiation of the settlement in the federal case and did not release the plaintiff or her counsel from liability. (*Id.* at ¶ 24; R.R. at 89a). Appellees have denied these allegations.

¶ 22 Following our consideration of the relevant law, we observe that Appellees' reliance on *Electronic Laboratory Supply Co., supra* is misplaced, as that case is distinguishable on its facts. In *Electronic Laboratory Supply Co.*, ELSCO was **the plaintiff** in its counterclaims against Motorola and its attorney defendants. These claims were the subject of the settlement agreement at issue. Further, no one disputed that ELSCO actively participated in and negotiated the mutual settlement and release. Thus, *Electronic Laboratory Supply Co.* represents facts sufficiently unlike the present case to warrant it inapposite.

¶ 23 On the other hand, Appellant's case presents a factual scenario similar to *Georgiana, supra*. Appellant has averred that the allegations contained in his complaint, if accepted as true, would establish that he had not been a party to the settlement agreement, no settlement had been demanded or reached with him, he had not been given the opportunity to consent to any type of compromise, and the settlement had never been discussed with him. *See id.* Accordingly, we hold that Appellant's case, when viewed under the proper standard, contains a material issue of fact concerning the effect the plaintiff's settlement with the remaining defendants in the federal case should have on the "favorable outcome" prong of Appellant's present cause of action. *See Kilgore, supra; Mil-*

---

the Majority does not consider this passage to be determinative, I cannot accept the conclusion that this language is without effect.

Because I would conclude that the claim was terminated in [ELSCO's] favor by the

District's Court's grant of summary judgment, I would find that the Dragonetti Act claim remains viable, and would therefore remand this matter for trial.

*Id.* at 314–15.

*ler, supra; Bannar, supra; Georgiana, supra.* Accordingly, we conclude that on this issue of "favorable outcome," Appellant's Dragonetti Act claim remains viable. *See id.*

¶ 24 Having concluded that the underlying federal case represents a favorable outcome for Appellant, we now address Appellees' additional arguments. Alternatively, Appellees maintain that if the federal case can be deemed a "favorable outcome" to Appellant, then Appellant still failed to initiate the present lawsuit within two years of the date summary judgment was granted in his favor. As summary judgment was granted in the federal case in June 1996, Appellees assert that Appellant had to file his complaint on or before June 11, 1998.[5] Appellees conclude that Appellant's present claim is barred under the applicable two-year statute of limitations, because Appellant waited until August 18, 1998 to initiate the present lawsuit. (Appellees' Brief at 17–19). We disagree.

■ ¶ 25 Pennsylvania law makes clear that a cause of action for wrongful use of civil proceedings does not accrue until the right of action is complete. *See generally Ludmer v. Nernberg,* 520 Pa. 218, 553 A.2d 924 (1989) (holding Dragonetti Act cause of action did not accrue until Supreme Court denied *allocatur*); *Cap, supra* (stating party has no right to start action for wrongful use of civil proceedings until underlying proceedings have terminated). This Court explained:

> The true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion.

*Id.* at 53 (quoting Am.Jr.2d, Limitations of Actions § 107 (1970)). Further, Federal

Rule of Civil Procedure 54, in pertinent part provides:

**Rule 54. JUDGMENTS; COSTS**

(a)**Definition; Form.** "Judgment" as used in these rules includes a decree and any order from which an appeal lies....

(b)**Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim is presented in an action...or when multiple parties are involved, the court may direct an entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action **as to any of the claims or parties,** and the **order or other form of decision is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.**

Fed.R.Civ.P. 54(a), (b) (emphasis added).

¶ 26 In the instant case, the underlying federal action was governed by federal rule. According to the applicable federal rule, absent an express determination of finality, the federal proceedings did not terminate as to any of the claims or parties until the case ended on December 2, 1997. The federal court did not make an express determination of finality as to Appellant's favorable summary judgment. Thus, Appellant's summary judgment did not become a final determination until December 2, 1997. *See* Fed.R.Civ.P. 54(b) (stating

---

**5.** *See* footnote 1, *supra.*

order or other form of decision is subject to revision at any time before entry of judgment adjudicating all claims and rights and liabilities of all parties). In light of the federal rule, we do not think Appellant could have first maintained the present action to a successful conclusion any earlier than December 2, 1997. *See Cap, supra.* The fact that the federal action terminated by virtue of a settlement, rather than a verdict or appeal, does not affect our decision on this point, where for purposes of a wrongful use of civil proceedings action, what matters generally is the date of final termination of the allegedly wrongful proceedings.[6] *See Ludmer, supra.* Accordingly, we reject Appellees' contention that the statute of limitations for the instant action began to run on June 11, 1996, the date of the order granting summary judgment in Appellant's favor.

■ ¶ 27 Appellees offer still another basis to affirm the trial court's judgment; namely, Appellant failed to state a cause of action for wrongful use of civil proceedings. Specifically, Appellees maintain Appellant failed to establish a *prima facie* case that Appellees took part in the procurement, initiation or continuation of the federal case in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing proper discovery, joinder of parties or adjudication of the claim upon which the proceedings are based. Appellees conclude that on this basis, they continue to be entitled to judgment as a matter of law. We cannot agree.

■ ¶ 28 Usually, the existence of probable cause is a question of law for the court, where there are no material conflicts in the evidence; but the existence of probable cause constitutes a question of fact, when facts material to the issue of probable cause are in controversy. *Broadwater v. Sentner,* 725 A.2d 779, 782 (Pa.Super.1999), *appeal denied,* 562 Pa. 664, 753 A.2d 814 (2000); *Bannar, supra.* When a case is initiated against a party and later dismissed for failing to sustain a *prima facie* case against that party, probable cause cannot be established as a matter of law. *McKibben v. Schmotzer,* 700 A.2d 484, 493 (Pa.Super.1997). If the existence of probable cause is a mixed question of law and fact, then it cannot be answered as a matter of law. *Bannar, supra.* Pennsylvania law also states that improper purpose may be inferred from want of probable cause to maintain or continue the proceedings. *See generally Amicone v. Shoaf,* 423 Pa.Super. 281, 620 A.2d 1222 (1993) (stating rule in context of malicious criminal prosecution). However, the fail-

---

**6.** We are mindful of the case of *Consulting Engineers, Inc. v. Insurance Co. of North America,* 710 A.2d 82 (Pa.Super.1998), *affirmed,* 560 Pa. 247, 743 A.2d 911 (2000), in which this Court was asked to determine, for purposes of insurance coverage, when the tort of wrongful use of civil proceedings occurred, where the allegedly wrongful suit was commenced before the relevant policy periods began but continued after the policies were in effect. In deciding when the tort occurred and liability coverage was triggered for purposes of an "occurrence" policy, this Court sought to protect the reasonable expectations of the parties to the insurance contract. This Court held that the tort occurred for purposes

of coverage when the allegedly wrongful suit was filed. The Court reasoned that the insurer should not be required to provide a defense or indemnity, as the policies were not in effect at the time the allegedly wrongful suit was filed.

The dissent wrote that the cause of action for wrongful use of civil proceedings did not accrue until termination of the allegedly wrongful suit, citing the general rule set forth in *Ludmer, supra.* To the extent *Consulting Engineers, Inc.* deviates from the *Ludmer* rule, we conclude that its holding is limited to insurance coverage related to an "occurrence" policy and is not relevant to the present case.

ure of the "probable cause" prong under the statute does not necessarily defeat the entire cause of action for wrongful use of civil proceedings, as "the clear language of Section 8351 permits a cause of action to be based on gross negligence **or** lack of probable cause." *Bannar, supra* at 249 (emphasis added); 42 Pa.C.S.A. § 8351(1).

¶ 29 We have carefully reviewed all of the allegations set forth in Appellant's complaint in this case. Appellant's complaint contains sufficient factual allegations, which together with the reasonable inferences from those allegations, makes out a *prima facie* cause of action for wrongful use of civil proceedings. We cannot judge the sufficiency of Appellant's evidence at this stage of the proceedings, as Appellees would have us do. Indeed, the factual issues in this case should be further tested *via* motion for nonsuit, motion for directed verdict, or verdict. Accordingly, we conclude that Appellees' argument does not provide an alternative ground to affirm.[7]

¶ 30 Based upon the foregoing, we hold that the effect on Appellant's present cause of action, generated by the remaining defendants' settlement in the federal case, gives rise to a material question of fact and is not a proper basis to grant Appellees' motion for summary judgment. We further hold that if Appellant's dismissal from the federal court case by virtue of summary judgment constitutes a "favorable outcome," then that outcome did not become final for purposes of the present action until the federal case concluded. Thus, the statute of limitations applicable to Appellant's cause of action for wrongful use of civil proceedings began to run upon final disposition of the federal action, on December 2, 1997. We are also

satisfied that the allegations contained in Appellant's complaint set forth sufficient facts and suggest reasonable inferences to support a *prima facie* showing that Appellees wrongfully proceeded against Appellant in the federal case. The better resolution of this matter is to put Appellant to his burden of proof in further proceedings. Accordingly, we vacate the order granting summary judgment and remand the matter to the trial court.

¶ 31 Order granting summary judgment vacated; case remanded for further proceedings. Jurisdiction is relinquished.

---

7. In so holding, we do not express or suggest any opinion on the ultimate merit of Appellant's cause of action.