J-S70015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BORIS KONTSEVICH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| VLAD GUTNIK AND MICHAEL KULDINER, ESQUIRE | |
| Appellees | No. 3707 EDA 2015 |

Appeal from the Order Entered November 12, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 141102705

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 12, 2016**

Appellant, Boris Kontsevich, appeals from an order entered on November 12, 2015 granting summary judgment in favor of Appellees, Vlad Gutnick (Gutnick) and Michael Kuldiner, Esq. (Kuldiner).   After careful review, we affirm.

We quote the factual and procedural recitation offered by the trial court:

> This case commenced on November 24, 2014, when Appellant filed a complaint for wrongful use of civil process against Appellees.  The complaint averred that [] Gutnick filed a protection from abuse (PFA) petition against Appellant on behalf of his minor son, and that such filing constituted wrongful use of civil process.
>
> On May 5, 2015, Appellant filed an amended complaint.  The amended complaint averred that on December 3, 2012, [Gutnick] filed a PFA petition against Appellant on behalf of his minor son, and that "the case … was dismissed on December 3,

2012." *See* Amended Complaint, ¶ 1. Appellant averred that his wife, Anna, was [Gutnick's] ex-wife and that they had been engaged in a custody battle during the time of the PFA's filing. *See* Amended Complaint, ¶¶ 1-4. Appellant averred that [Gutnick] had a "long history of harassment and mental abuse … towards my wife and his ex-wife." *See* Amended Complaint, ¶ 3. Appellant averred that there was no reason to believe the child had been abused, that no black eye was ever observed on the child, and accused [Gutnick] of "making false statements and accusations." *See* Amended Complaint, ¶¶ 6-7. Additionally, Appellant averred that [Kuldiner] "was expected to know that hearsay cannot be submitted … he was expected to know that facts presented by his client … do not constitute any form of abuse." *See* Amended Complaint, ¶ 7. Appellant averred that the PFA charges were "filed for the sole purpose to be used against [Appellant] in another lawsuit concerning custody." *See* Amended Complaint, ¶ 7.

On June 22, 2015, Appellees filed an answer to the complaint, denying Appellant's averments and raising as new matter that: Appellant had failed to state a cause of action upon which relief could be granted; that the claims were barred due to fraud or misrepresentation; that Appellant failed to mitigate the alleged damages; that Appellant had unclean hands; that Appellant had waived or was estopped from asserting his claims; and that the claims were barred due to laches, *res judicata*, waiver, or the applicable statute of limitations.

On June 24, 2015, Appellant filed a reply to Appellees' new matter, denying Appellees' averments.

On August 13, 2015, Appellees filed a motion for summary judgment, arguing that Appellant's claims were barred by the statute of limitations, as the PFA action was filed August 12, 2012 and the instant action was commenced on November 24, 2014; and that Appellant could not establish under 42 Pa.C.S.[A.] § 8351 a cause of action, because Appellant could not show that Appellees had commenced the [PFA] matter in a

- 2 -

grossly negligent manner or without probable cause, and that the PFA had been filed in good faith.[1]

Additionally Appellees attached a transcript of the December 3, 2012, PFA hearing. At said hearing, [Gutnick] testified that Appellant had raised his voice to [Gutnick] during a [telephone] call; that [Gutnick] could hear his son crying in the background; and that when [Gutnick] asked to speak to his son, Appellant hung up the [telephone]. N.T., 12/3/12, at 11-14. [Gutnick] testified that following a previous custody hearing, [Gutnick's] son cried. N.T., 12/3/12, at 18. [Gutnick] testified that his son's behavior had changed, and based on what his son told him, [Gutnick] believed his son was crying because he was "scared." N.T., 12/3/12, at 25-30.

At the conclusion of the hearing, the [trial court] found that there was no credible evidence that the child had been abused and that [Gutnick] had not met his burden of proof, and noted that while she believed [Gutnick] had filed the petition in good faith, the petition was dismissed. N.T., 12/3/12, at 43-44.

On August 18, 2015, Appellant filed an answer in opposition to Appellees' [summary judgment] motion, denying their averments and arguing that summary judgment was not appropriate as he had made out the elements of a *Dragonetti* action and that the action was not barred by the statute of limitations, and that the discovery process was not yet complete.

[On August 31, 2015, Appellees filed a reply in support of their motion and on November 12, 2015, the trial court granted summary judgment in Appellees' favor. On November 18, 2015, Appellant filed a motion for reconsideration and, on December 5, 2015, he filed a timely notice of appeal to this Court. The trial court, on December 7, 2015, directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a concise statement alleging

---

[1] Appellees' argument is misplaced, as a party has no right to start an action for the wrongful use of civil proceedings **until the underlying proceedings have terminated**. *Buchleitner v. Perer*, 794 A..2d 366, 376-377 (Pa. Super. 2002). In the instant case, the [PFA] proceedings were terminated December 3, 2012, and the instant action was initiated November 24, 2014.

that the trial court erred in granting summary judgment to Appellees. The trial court issued its Rule 1925(a) opinion on March 4, 2016.]

Trial Court Opinion, 3/4/16, at 1-3 (certain capitalization omitted; footnote in original).

Appellant claims on appeal that Appellees were grossly negligent in initiating their unsuccessful PFA action, which they filed without probable cause and in reliance on false information. Accordingly, Appellant asserts that the trial court erred in granting summary judgment in Appellees' favor. The trial court rejected Appellant's contentions, concluding instead that:

> Appellant's [c]omplaint [pled] only conclusory allegations, namely that the PFA petition was filed solely to "harass my family and in an attempt to gain advantage in the custody case." *See* Amended Complaint, ¶ 5. Although Appellant averred that there was a "years long history of harassment and mental abuse from [Gutnick] towards my wife," Appellant did not provide details, depositions, or plead with particularity what that harassment or abuse entailed. Appellant's [c]omplaint references police reports and emails but Appellant did not attach them. Upon examination of the record, including the transcript from the PFA hearing, it is evident that [the trial court in the companion custody proceeding], after having reviewed the case, including all filings and submissions from both parties, found the PFA had been filed in good faith despite its dismissal.

Trial Court Opinion, 3/4/16, at 5-6.

Our standard of review over such claims is well settled.

> Th[e] scope of review of an order granting summary judgment is plenary. Our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or clearly abused its discretion. Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment

as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment.

***Atcovitz v. Gulph Mills Tennis Club, Inc.***, 812 A.2d 1218, 1221-1222 (Pa. 2002).

We carefully reviewed the trial court's opinion, the submissions of the parties, and the certified record. Based upon our review, we agree with the trial court that Appellant failed to raise a genuine issue of material fact and he failed to offer proof that Appellees initiated the PFA proceedings for an improper purpose. Because we find that the trial court adequately and accurately addressed the issues raised by Appellant on appeal, we adopt its opinion as our own in affirming the order granting summary judgment in Appellees' favor. We therefore direct the parties to include the trial court's opinion with all future filing relating to our disposition of this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016

- 5 -

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BORIS KONTSEVICH | : | SUPERIOR COURT No. |
| | : | 3707 EDA 2015 |
| | : | |
| v. | : | Civil Division |
| | : | November Term 2014, No. 2705 |
| VLAD GUTNIK, MICHAEL KULDINER, and | : | |
| MICHAEL KULDINER, P.C. | : | |

## OPINION

Appellant, Boris Kontsevich, appeals from this court's order of November 12, 2015, granting summary judgment in favor of Appellees Vlad Gutnik, Michael Kuldiner, and the Law Offices of Michael Kuldiner, P.C.

## FACTUAL AND PROCEDURAL HISTORY

This case commenced on November 24, 2014, when Appellant filed a Complaint for Wrongful Use of Civil Process against Appellees. The Complaint averred that Appellee Gutnik filed a Protection From Abuse ("PFA") petition against Appellant on behalf of his minor son, and that such filing constituted wrongful use of civil process.

On May 5, 2015, Appellant filed an Amended Complaint. The Amended Complaint averred that on December 3, 2012, Vlad Gutnik filed a PFA petition against Appellant on behalf of his minor son, and that "the case ... was dismissed on December 3, 2012." *See* Amended Complaint, ¶ 1. Appellant averred that his wife, Anna, was Appellee Gutnik's ex-wife and that they had been engaged in a custody battle during the time of the PFA's filing. *See* Amended Complaint, ¶¶ 1-4. Appellant averred that Appellee Gutnik had a "long history of harassment and mental abuse ... towards my wife and his exwife." *See* Amended Complaint, ¶ 3. Appellant averred that there was no reason to believe the child had been abused, that no black eye was ever observed on the child, and accused Appellee Gutnik of "making false statements and accusations. *See* Amended Complaint, ¶ 6-7. Additionally, Appellant averred that Appellee Kuldiner "was expected to know that hearsay cannot be submitted ... he was

Kontsevich Vs Gutnik-OPFLD



21

expected to know that facts presented by his client ... do not constitute any form of abuse." *See* Amended Complaint, ¶ 7. Appellant averred that the PFA charges were "filed for the sole purpose to be used against [Appellant] in another lawsuit concerning custody." *See* Amended Complaint, ¶ 7.

On June 22, 2015, Appellees filed an Answer to the Complaint, denying Appellant's averments and raising as a new matter that: Appellant had failed to state a cause of action upon which relief could be granted; that the claims were barred due to fraud or misrepresentation; that Appellant failed to mitigate the alleged damages; that Appellant had unclean hands; that Appellant had waived or was estopped from asserting his claims; and that the claims were barred due to laches, *res judicata*, waiver, or the applicable statute of limitations.

On June 24, 2015, Appellant filed a Reply to Appellees' New Matter, denying Appellees' averments.

On August 13, 2015, Appellees filed a Motion for Summary Judgment, arguing that Appellant's claims were barred by the statute of limitations, as the PFA action was filed August 12, 2012 and the instant action was commenced on November 24, 2014; and that Appellant could not establish under 42 Pa.C.S. § 8351 a cause of action, because Appellant could not show that Appellees had commenced the matter in a grossly negligent manner or without probable cause, and that the PFA had been filed in good faith.[1]

Additionally, Appellees attached a transcript of the December 3, 2012, PFA hearing. At said hearing, Appellee Gutnik testified that Appellant had raised his voice to Appellee during a phone call; that Appellee could hear his son crying in the background; and that when Appellee asked to speak to his son, Appellant hung up the phone. N. T. 12/3/12 at 11-14. Appellee testified that following a previous custody hearing, Appellee's son cried. N. T. 12/3/12 at 18. Appellee testified that his son's

---

[1] Appellee's argument is misplaced, as a party has no right to start an action for the wrongful use of civil proceedings **until the underlying proceedings have terminated.** *Buchleitner v. Perer*, 2002 PA Super 35, ¶ 25, 794 A.2d 366, 376-377 (2002). In the instant case, the proceedings were terminated December 3, 2012, and the instant action was initiated November 24, 2014.

22

behavior had changed, and based on what his son told him, Appellee believed his son was crying because he was "scared." N. T. 12/3/12 at 25-30.

At the conclusion of the hearing, the Honorable Ida K. Chen found that there was no credible evidence that the child had been abused and that Appellee Gutnik had not met his burden of proof, and noted that while she believed Appellee Gutnik had filed the petition in good faith, the petition was dismissed. N. T. 12/3/12 at 43-44.

On August 18, 2015, Appellant filed an Answer in Opposition to Appellees' Motion, denying their averments and arguing that summary judgment was not appropriate as he had made out the elements of a Dragonetti action and that the action was not barred by the statute of limitations, and that the discovery process was not yet complete.

On August 31, 2015, Appellees filed a Reply in Support of their Motion.

On November 12, 2015, this court granted Appellee's Motion for Summary Judgment.

On November 18, 2015, Appellant filed a Motion for Reconsideration.

On December 5, 2015, Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania.

On December 7, 2015, this court issued its Order pursuant to Pa. R.A.P. 1925(b), directing Appellant to file her Concise Statement of Matters Complained of on Appeal within twenty-one (21) days. The Statement was thus due on December 16, 2015.

On December 21, 2015, Appellant filed his Concise Statement of Matters Complained of on Appeal, arguing that this court erred in: granting Appellees' Motion for Summary Judgment; in determining that there was no genuine issue of material fact; in dismissing the case with prejudice; in "determining that alleged facts do not constitute requirements sufficient to state Dragonetti claim;" in "not giving weight to plaintiff's declared intention to present witnesses before the court";

## DISCUSSION

On appeal, Appellant challenges this court's grant of Appellee's Motion for Summary Judgment.

## I.   SUMMARY JUDGMENT GENERALLY

Summary judgment is appropriate in cases where there are no genuine issues material fact and the moving party is entitled to judgment as a matter of law. *Lance v. Wyeth*, 85 A.3d 434, 449 (Pa. 2014). Facts and reasonable derivative inferences are generally considered in the light most favorable to the non-moving party; doubts should be resolved against the moving party. *Id.*

A movant "may rely on uncontroverted facts, and/or allow that the factual allegations made by the non-moving party could be true, while contending that, even accepting such facts, judgment should be rendered for the movant as a matter of law." *Lance*, 85 A.3d at 449-450. "Alternatively, after discovery, a party may challenge the ability of the non-moving party to adduce evidence of facts material to establishing a claim or defense." Lance, 85 A.3d at 450. A court should, however, enter a judgment when there is no genuine issue of any material fact as to a necessary element to the cause of action. *Sevast*, 915 A.2d at 1152. A material fact is one that directly affects the outcome of the case. *Fortney v. Callenberger*, 2002 PA Super 182, 801 A.2d 594, 597 (Pa. Super. Ct. 2002).

## II.   WRONGFUL USE OF CIVIL PROCEEDINGS

Appellant averred that Appellee did not have probable cause to file the PFA and had provided false information in the petition. In order to establish a claim for wrongful use of civil proceedings, pursuant to statute, the elements of such a claim are:

**Elements of action.**--A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a)(1)-(2). Gross negligence is defined as the want of even scant care and the failure to exercise even that care which a careless person would use. *Keystone Freight Corp. v. Stricker*, 2011 PA Super 216, 31 A.3d 967, 973 (2011).

Further, "a person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either: (1) Reasonably believes that under those facts the claim may be valid under the existing or developing law; (2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or (3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party." 42 Pa.C.S. § 8352. The plaintiff may collect damages in: the harm normally resulting from arrest of imprisonment; harm to his reputation by any defamatory matter alleged; the expense incurred in defending himself; any specific pecuniary loss from the proceedings; emotional distress caused by the proceedings; punitive damages according to law in appropriate cases.

Finally, the **plaintiff** has the burden of proving the following:

1. The defendant has procured, initiated, or continued the civil proceedings against him.
2. The proceedings were terminated in his favor.
3. The defendant did not have probable cause for his action.
4. The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties, or adjudication of the claim on which the proceedings were based.
5. The plaintiff has suffered damages as set forth in section § 8353.[2]

42 Pa.C.S. § 8354. In the instant case, Appellant has not met that burden and cannot meet that burden.

Appellant's Complaint plead only conclusory accusations, namely that the PFA petition was filed solely to "harass my family and in an attempt to gain advantage in the custody case." *See* Amended Complaint, ¶ 5. Although Appellant averred that there was a "years long history of harassment and mental abuse from [Appellee] towards my wife," Appellant did not provide details, depositions, or plead

---

[2] The plaintiff may collect damages due to: the harm normally resulting from arrest of imprisonment; harm to his reputation by any defamatory matter alleged; the expense incurred in defending himself; any specific pecuniary loss from the proceedings; emotional distress caused by the proceedings; punitive damages according to law in appropriate cases. 42 Pa.C.S. § 8353.

with particularity what that harassment or abuse entailed. Appellant's Complaint references police reports and emails but Appellant did not attach them. Upon examination of the record, including the transcript from the PFA hearing, it is evident that Judge Chen, after having reviewed the case, including all filings and submissions from both parties, found the PFA had been filed in good faith despite its dismissal.

Appellant has not plead that Appellee acted with gross negligence and without probable cause in filing the PFA. Consequently, there was no issue of material fact and the Motion for Summary Judgment properly granted.

## CONCLUSION

For all of the reasons stated above, this court's decision should be affirmed.

**BY THE COURT:**

DATE: _March 4, 2016_

_____
**NINA WRIGHT PADILLA, J.**

## (11)    STATEMENT OF ERRORS COMPLAINED OF ON APPEAL.